No. 25158.

JOHN ANTHONY JARAMILLO *v*. THE DISTRICT COURT IN AND FOR THE COUNTY OF RIO GRANDE, STATE OF COLORADO, HONORABLE WHITFORD W. MYERS, DISTRICT JUDGE, AND ROBERT W. OGBURN, DISTRICT ATTORNEY FOR THE TWELFTH JUDICIAL DISTRICT, STATE OF COLORADO.
(484 P.2d 1219)

Decided May 17, 1971.

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, J. O. Lewis, Deputy State Public Defender for the Twelfth Judicial District, for petitioner.

Robert W. Ogburn, District Attorney, Twelfth Judicial District, Gail F. Ouren, Assistant, for respondents.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

PURSUANT to C.A.R. 21, the petitioner sought a Writ in the Nature of Mandamus and Prohibition. The petitioner was charged in two separate informations that were filed on January 22, 1970, in the Twelfth Judicial District. The first information charged burglary and theft, and a second information charged theft and arson. Both informations alleged criminal acts that are said to have occurred on December 2, 1969, and involved other persons, some of whom were juveniles.

The petitioner, who was the defendant in the district court, through his counsel, the Public Defender, entered a plea of not guilty and was admitted to bail. His counsel filed a motion to suppress evidence in both cases on February 17, 1970, and similar motions were filed in companion cases that involved juvenile defendants. The motions to suppress were consolidated for hearing and were finally heard on April 14, 1970, at which time evidence was taken, and at the conclusion of the hearing, the court took the matter under advisement. On August 21, 1970, the court denied all motions to suppress.

Trial was set on the burglary and theft charges for April 13, 1971, and on the theft and arson charges for April 15, 1971. A motion to dismiss the charges, based on Crim. P. 48(b) and upon the constitutional right of the petitioner to a speedy trial, was duly made. At the hearing on the motion to dismiss, inquiry was made about the delay that occurred after the motion to suppress was denied. The following colloquy appears in the record:

[BY THE COURT:]
"It was not until February 10, 1971, that a Notice For Trial Setting was filed. As of August 13, or subsequent thereto, this matter was at issue as pertaining to this defendant. That was just three days short of some six month [sic] that this matter sat at issue to be called upon for trial setting.

"The Court's docket in the Twelfth Judicial District and in the County of Rio Grande has never been and is not

now, and it was not at that time, so heavily crowded [sic] that a trial to a jury could not commence within six months.

"Can you explain why the delay from August 13, 1970 until February 10, 1971; why it took this time to get this matter called up for trial setting?

"BY MR. OUREN [DISTRICT ATTORNEY]: I certainly can, your Honor.

"BY THE COURT: Very well. I would like to hear you on that.

"BY MR. OUREN: All right. The explanation as far as the District Attorney's office was concerned was with the juvenile cases. The fact that there was a Motion to Suppress. The fact that the motion was overruled as to this defendant; that we were seeking an opportunity to use this defendant's testimony in trial as far as the others were concerned. It was through attempts to work this out that we did not attempt to set this matter for trial.

"BY THE COURT: And this took six months?

"BY MR. OUREN: Yes, it did, your Honor.

"BY THE COURT: Were you successful?

"BY MR. OUREN: We were not."

After a full hearing, the motion to dismiss was denied, and following the denial, the petitioner, through his counsel, caused an Original Proceeding to be filed in this Court, seeking dismissal of the criminal charges and an order prohibiting trial of the two cases which are pending against the petitioner. We entered our order to show cause why the petition should not be granted and stayed the trial of both cases.

 In the instant case, the petitioner objected to the vacation of the trial dates that were set for times that fell within the limitations of Crim. P. 48 (b). In no instance did the petitioner seek a continuance or take steps of any kind that would cause the delay that extended the time of trial beyond the one-year limitation proscribed by Crim. P. 48 (b), which provides as follows:

"(b) *By the Court.* If, after the filing of a complaint, there is unnecessary delay in finding an indictment or filing an information against a defendant who has been held to answer in a district court, the court may dismiss the prosecution. If the trial of a defendant is delayed more than one year after the trial court obtains jurisdiction over the person of the defendant, unless the delay is occasioned by the action or request of the defendant or except that time consumed by any interlocutory appeals shall not be calculated in the time limits imposed herein, the court shall dismiss the indictment or information; and the defendant shall not thereafter be tried for the same offense."

The wording of the rule is mandatory when the delay is not occasioned by the action or request of the defendant and when no interlocutory appeal has been taken. Here, the district attorney admitted that the delay was occasioned by the motion to suppress and the fact that the prosecution was seeking to obtain the defendant's testimony for use in prosecuting other defendants allegedly involved in the same occurrence. The district attorney's plea bargaining efforts were the sole basis of the district attorney's election to not set either case for trial. The petitioner never agreed to provide testimony against the other defendants and did not in any way mislead the district attorney. Both cases were passed on two term days, over the objection of the petitioner. In construing Crim. P. 48 (b) and the predecessor statute which required trial within two terms of court, C.R.S. 1963, 39-7-12, this Court said that: "The obvious purpose of both the aforementioned rule and statute is to prevent dilly-dallying on the part of the district attorney or the court in a criminal proceeding." *People v. Bates,* 155 Colo. 277, 394 P.2d 134 (1964). No action on the part of defense counsel caused the delay. Timely motions were filed by defense counsel which do not affect the time limitations set forth in Crim. P. 48 (b).

Apart from the rule, the right to a speedy trial

is guaranteed to the petitioner by both Colo. const. art. II, § 16 and by U.S. Const. amend. VI (Sixth Amendment) which was made applicable to the States in *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *accord, Dickey v. Florida,* 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). The constitutional right to a speedy trial means a trial consistent with the court's business. If the docket conditions were such as to justify the delay, a different fact situation might exist, but when the record reflects no congestion in the court, the failure to try the case within one year requires mandatory dismissal. *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236 (1965).

■ The right to a speedy trial is not only for the benefit of the accused, but also for the protection of the public. It is essential that an early determination of guilt be made, so that the innocent may be exonerated and the guilty punished. The right to a speedy trial is not dissipated by the fact that the defendant is granted bail. *In re Miller,* 66 Colo. 261, 180 P. 749 (1919).

■ The American Bar Association Standards Relating to Speedy Trial have suggested that criminal cases be given priority on the court's trial calendar. The provisions in the Standards of Criminal Justice Relating to Speedy Trial which we deem applicable, and which we approve in the instant case, are the following:

"1.3 *Continuances.*

"The court should grant a continuance only upon a showing of good·cause and only for so long as is necessary, taking into account not only the request or consent of the prosecution or defense, but also the public interest in prompt disposition of the case.

\* \* \* \*

"2.3 *Excluded periods.*

"The following periods should be excluded in computing the time for trial:

[Subsection (a) is covered in principle by Crim. P.

48(b), in accordance with the Standards of Criminal Justice (See 2.1, Standards Relating to Speedy Trial).]

\* \* \* \*

"(c) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. A defendant without counsel should not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial and the effect of his consent.

\* \* \* \*

"(e) The period of delay resulting from the absence or unavailability of the defendant. A defendant should be considered absent whenever his whereabouts are unknown and in addition he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. A defendant should be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained or he resists being returned to the state for trial.

\* \* \* \*

"4.1 *Absolute discharge.*

"If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the consequence should be absolute discharge. Such discharge should forever bar prosecution for the offense charged and for any other offense required to be joined with that offense. Failure of the defendant or his counsel to move for discharge prior to trial or entry of a plea of guilty should constitute waiver of the right to speedy trial." [ABA Standards, Speedy Trial, pp. 13, 25-26, 40.]

In *Jordan v. People,* 155 Colo. 224, 393 P.2d 745 (1964), we said:

"To properly raise the question the accused may apply for his discharge or for dismissal for lack of a speedy trial. *People v. Utterback,* supra; *People v. Begue,* 149 N.Y.S. (2d) 791; *State v. Kuhnhausen,* supra. A motion for discharge or for dismissal for want of due prosecution of a charge of crime must be sustained by the ac-

cused; he has the burden of showing that he was not afforded a speedy trial. *State v. Beckwith*, 222 Ind. 618, 57 N.E. (2d) 193; *State v. Nelson*, 279 S.W. 401 (Mo.); 22 A C.J.S. § 270, p. 44."

 Here, the facts clearly establish that the petitioner was denied a speedy trial through no fault of his own and as a result of the deliberate election of the district attorney to postpone the trial so that efforts could be made to obtain the petitioner's testimony in companion and related cases. The question of determining when an accused has been denied a speedy trial under the constitution, or under the rule, is necessarily a judicial question which must, under the facts of this case, be made by declaring that the petitioner has been denied a speedy trial under the provisions of Crim. P. 48(b). *Medina v. People*, 154 Colo. 4, 387 P.2d 733 (1963).

Accordingly, the rule to show cause is made absolute, and the trial judge is directed to enter an order dismissing the informations and directing that the petitioner be discharged and the petitioner's bond released.