**No. 79SA145**

**P.V. v. The District Court in and for the Tenth Judicial District of the State of Colorado, and the Honorable Donald F. Abram, one of the Judges thereof**

(609 P.2d 110)

Decided March 31, 1980.

J. Gregory Walta, State Public Defender, Steven K. Jacobson, Deputy, Stephanie H. Yukawa, Deputy, for petitioner.

J. E. Losavio, Jr., District Attorney, Stephen A. Jones, Deputy, Gary R. Stork, Deputy, for respondents.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

The petitioner, P.V., a minor child, seeks a writ of prohibition and mandamus directing the respondent court to dismiss a pending charge of juvenile delinquency for failure to comply with the speedy trial provisions of Crim. P. 48(b)(l) and section 18-1-405(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8). We issued a rule to show cause, and now make that rule absolute.

On May 8, 1978, a juvenile delinquency petition was filed charging P.V. with being a delinquent child for committing the crime of theft of less than $50. Section 18-4-401, C.R.S. 1973 (now in 1978 Repl. Vol. 8). The petitioner entered a denial and a plea of not guilty to the charge on June 26, 1978, and the case was set for trial as an alternate on October 12, 1978. Due to a docket conflict, the respondent court vacated the original trial date and rescheduled it for January 18, 1979. When a docket conflict arose on January 18, 1979, the trial court again rescheduled the trial to June 7, 1979.

On February 8, 1979, the petitioner filed a motion with the respondent court to dismiss the theft charge for failure to accord the petitioner a trial within the six month period required by Crim. P. 48(b)(1) and section 18-1-405(1), C.R.S. 1973. The trial court denied the motion holding that the speedy trial provisions were not applicable to juvenile proceedings. In reaching its decision, the court declined to follow *People v. S.E.* (No.

J9179, Tenth Judicial District, Division F, announced January 23, 1979) which held that the right to a speedy trial was fundamental and must be applied in juvenile proceedings.

 Section 18-1-405, C.R.S. 1973 expresses the General Assembly's conviction that, absent specified exceptions, all persons charged with a criminal offense must be brought to trial within six months of the time a not guilty plea is entered. The provision parallels the guarantees to a speedy trial afforded by both the Colorado and United States Constitutions, and, in effect, it provides a reasonable guideline for the implementation of that constitutional right. *In Re Schechtel*, 103 Colo. 77, 82 P.2d 762 (1938); *Henwood v. People*, 57 Colo. 544, 143 P. 373 (1914). Indeed, the right to a speedy trial has always been considered "one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). *See People ex rel. Coca v. District Court*, 187 Colo. 280, 530 P.2d 958 (1975) (the right to a speedy trial is one of the most cherished of our constitutional rights).

 In considering the rationale underlying the right to a speedy trial, the United States Supreme Court stated in *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969):

"[T]his constitutional guarantee has universally been thought to protect at least three basic demands of criminal justice in the Anglo-American legal system: '(1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation and (3) to limit the possibilities that long delay will impair the ability of an accused to defend himself.'" (Citations omitted.)

This Court has similarly found an intent "to foster more effective prisoner treatment and rehabilitation by eliminating, as expeditiously as possible, the uncertainties surrounding outstanding criminal charges" to be inherent in the right to a speedy trial. *Simakis v. District Court*, 194 Colo. 436, 577 P.2d 3 (1978). We have also recognized that it is in the public interest "that an early determination of guilt be made, so that the innocent may be exonerated and the guilty punished." *Jarmillo v. District Court*, 174 Colo. 561, 484 P.2d 1219 (1971).

 The question to be addressed in this case is whether the constitutional right to a speedy trial, which is mandated for every adult, must also be made available to a juvenile who is tried in a juvenile proceeding. In *People in the Interest of C.B.*, 196 Colo. 362, 585 P.2d 281 (1978), and *People in the Interest of R.A.D.*, 196 Colo. 430, 586 P.2d 46 (1978), we held that certain judicially created rules and legislative enactments which are premised on fundamental constitutional rights must, as a matter of fundamental fairness, be applied to juveniles. Those cases required, respectively, that a juvenile receive the same right to proof beyond a reasonable doubt where he is charged with the commission of a criminal

offense in a probation revocation proceeding, and the same right to challenge a potential juror for cause in a trial proceeding, that would be accorded to an adult defendant under similar circumstances. Although neither right was specifically provided for by the Colorado Rules of Juvenile Procedure, we held in both cases that minimal due process guarantees of a fundamentally fair procedure required no less. As we explained in *People in the Interest of R.A.D.*:

"Despite the technical classification of a juvenile proceeding as 'civil,' the proceeding has many characteristics of a criminal prosecution. A juvenile may be charged with acts which would constitute a crime if done by an adult, a jury trial may be held, and the child may be represented by counsel . . . . A juvenile who is adjudicated as a delinquent, like an adult criminal, is subject to involuntary incarceration . . . . Though the purpose of incarceration is rehabilitative, not punitive, the juvenile is nonetheless deprived of liberty."

We now hold that trial courts are bound by the statutory and constitutional speedy trial requirements in juvenile as well as adult proceedings. Fundamental fairness requires no less. *See McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); and *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

■ In reaching our decision, we are persuaded by the forceful reasoning employed by the Court of Appeals in *United States v. Furey*, 500 F.2d 338 (2d Cir. 1974):

"The same policies which precipitated the enactment of rules providing for the prompt disposition of criminal proceedings are applicable whether the person charged is an adult or juvenile. Thus, the deterrence afforded by prompt disposition, the potential prejudice to any defense arising from delay as well as the disruption and anxiety created by a criminal charge, are present whether the accused be a juvenile or an adult." (Citations omitted.)

*See also Piland v. Clark County Juvenile Court Services*, 85 Nev. 489, 457 P.2d 523 (1969); *State v. Henry*, 78 N.M. 573, 434 P.2d 692 (1967). It is our view that the speedy resolution of juvenile proceedings brings about more significant benefits to a child and to society than are accrued through application of speedy trial rules in adult proceedings. Certainly the average juvenile is far more vulnerable to psychological harm during the pretrial period than be the average adult would be. In addition, it cannot be denied that a juvenile suffers equally with an adult when the delay of proceedings impairs his ability to present his defense. Finally, we endorse the concerns raised in the commentary to section 7.1 at 125 (Priorities in Scheduling Juvenile Court Cases) of the *Juvenile Justice Standards Relating to Pretrial Court Proceedings* (approved 1979):

"Because juveniles have a 'built-in time sense based on the urgency of their instinctual and emotional needs,' . . . special attention must be given to speedy decision making in the juvenile court. Juveniles are less . . . able than adults to anticipate the future and cope with delays. Thus, undue delays in the processing of juvenile court cases give rise to feelings of impatience and frustration which can be psychologically harmful to the young person.

"Stigmatization of the juvenile can also result from long delay before the adjudication. A juvenile, whether innocent or not, who has charges outstanding can be expected to suffer anxiety concerning negative reactions in the community, in school, and perhaps at home. Prompt and speedy processing of cases can alleviate this strain." (Citations omitted.)

As we stated in *People in the Interest of R.A.D., supra*, the goal of our juvenile system "is to reform and rehabilitate, not merely to punish the child." Any delay of juvenile proceedings, particularly beyond the limits of the speedy trial statute and rule, is injurious if not inimical to the purposes underlying that very system. *Cf. McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).

Accordingly, the rule is made absolute.

JUSTICE ROVIRA and JUSTICE LOHR dissent.

JUSTICE GROVES does not participate.

JUSTICE LOHR dissenting:

I respectfully dissent.

The right to a speedy trial is guaranteed to adult defendants in criminal proceedings in state courts by the Sixth and Fourteenth Amendments to the Constitution of the United States. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Although the issue has never been presented to this court, I have little doubt that due process of law also requires the right to a speedy trial to be applied in juvenile delinquency proceedings. *Cf. In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (due process of law requires notice of charges, right to counsel, privilege against self-incrimination, and right to confrontation and cross-examination in juvenile delinquency proceedings); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (due process of law requires proof beyond a reasonable doubt in juvenile delinquency adjudications); *but cf. McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) (due process of law does not require a jury trial in juvenile delinquency adjudications).

In order to determine whether the constitutional right to a speedy trial has been violated, it is necessary to make an *ad hoc* judgment based on the facts of each case. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182,

33 L.Ed.2d 101 (1971); *Potter v. District Court,* 186 Colo. 1, 525 P.2d 429 (1974). Factors to be considered include length of delay, the reason for the delay, defendant's assertion of the right, and any prejudice to the defendant. *Barker v. Wingo, supra; Potter v. District Court, supra; People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973). Necessarily, this *ad hoc* balancing process is difficult and lacking in mathematical precision. *See Gelfand v. People,* 196 Colo. 487, 586 P.2d 1331 (1978).

In service of the same values reflected in the constitutional right to speedy trial, the legislature has required that defendants in criminal proceedings be brought to trial within six months from the date of the entry of a plea of not guilty. Section 18-1-405(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8). This same requirement is contained in Crim. P. 48(b)(1). The time within which a defendant must be brought to trial pursuant to the constitutional requirement is not necessarily the same as the time for trial mandated by the statute and the rule in a particular case. Each of the two sets of requirements is to be applied independently. *Potter v. District Court, supra; Gelfand v. People, supra.*

The legislature has not chosen to adopt a requirement similar to section 18-1-405(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8), for juvenile proceedings, nor has this court adopted a rule containing such requirement. The desirability of such a requirement is not the issue before us; we can consider only whether the constitution mandates that an adjudication proceeding in a juvenile delinquency case take place within six months of denial of the allegations in the petition in delinquency.

Only in situations involving rights so fundamental that to refuse to apply them to juvenile proceedings would contravene due process of law has it been required that a statute applicable to adult criminal proceedings be applied in juvenile delinquency proceedings. *People in the Interest of C.B.,* 196 Colo. 362, 585 P.2d 281 (1978) (right to require proof beyond a reasonable doubt to establish probation violation which constitutes a criminal offense); *People in the Interest of R.A.D.,* 196 Colo. 430, 586 P.2d 46 (1978) (right to challenge for cause a potential juror employed by a law enforcement agency).[1] In the case before us fundamental fairness would be fully assured by applying the constitutional right to speedy trial. I cannot agree that due process of law requires that section 18-1-405(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8), and Crim. P. 48(b)(1) be applied in juvenile delinquency proceedings.

JUSTICE ROVIRA joins in this dissent.

---

[1] The right to a jury trial in delinquency adjudication proceedings is granted in certain circumstances by Colorado statute. Section 19-1-106(4), C.R.S. 1973.