The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Rudy SANCHEZ, Defendant-Appellee.

No. 81SA547.

Supreme Court of Colorado,
En Banc.

July 26, 1982.

Rehearing Denied Aug. 30, 1982.

R. Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., David Purdy, Chief Deputy Dist. Atty., Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

LOHR, Justice.

The People bring this appeal from a ruling of the Denver District Court dismissing the charges against the defendant because his right to a speedy trial under section 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8 and 1981 Supp.) and Crim.P. 48 was violated. We disagree with the trial court's conclusion that the speedy trial period has expired, and so reverse the judgment and direct that the charges be reinstated.

I.

On April 24, 1981, the defendant, Rudy Sanchez, was charged by information with menacing, section 18–3–206, C.R.S.1973 (1978 Repl.Vol. 8), and criminal attempt to commit second-degree kidnapping, sections 18–2–101 and 18–3–302, C.R.S.1973 (1978 Repl.Vol. 8). At his arraignment on April 28,[1] the defendant pled not guilty to the charges, and a jury trial was set for July 7. The district attorney subsequently moved for a continuance, and the trial was reset to commence on September 8.

On July 23 the defendant's attorney moved to withdraw, stating that the defendant had not returned telephone calls, had failed to keep an appointment, and had

---

1. All the dates recited are in 1981.

not contacted counsel since the middle of May. The defendant was not present at the hearing, and the court took the motion under advisement. On the following day, the defendant appeared in court accompanied by counsel, who renewed her motion to withdraw. The motion was granted and the public defender was appointed to represent the defendant. When the public defender stated that the September 8 trial date conflicted with other scheduled hearings, the court noted that the speedy trial deadline was October 28 and reset the trial for October 13, the earliest date that the public defender was available.

On the October 13 trial date, the defendant failed to appear. The court ordered his bond forfeited, directed the issuance of an alias warrant for his arrest, and ordered that a citation to show cause be issued to the defendant's surety, returnable on November 30.

On November 13 the defendant was brought into court by his surety. Judge Rothenberg, who had conducted the proceedings before this time, was on vacation, and Judge Plank was sitting in her absence. Judge Plank reinstated the defendant's bond and continued the matter to December 1. On December 1 the defendant's counsel requested dismissal of the charges on the basis that the speedy trial period had expired. The court continued the matter to December 7 for a ruling on the defendant's motion to dismiss, and for a jury trial in the event dismissal should be denied.

Following argument by counsel on December 7, the court granted the motion to dismiss. It found that the defendant entered his not guilty plea on April 28, and that the speedy trial deadline at that time was October 28. Because the defendant failed to appear for his October 13 trial date, the court held that the period of his unavailability from October 13 to November 13 should be excluded in computing the speedy trial period. Consequently, the period began to run again on November 13 and expired on November 28.[2] Since the defendant was not brought to trial before that date, the court concluded that the charges must be dismissed. The People then brought this appeal.

## II.

The defendant's speedy trial claim is based on section 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8 and 1981 Supp.) and Crim.P. 48(b). The statute and the rule are substantially similar and provide that, unless a person accused of a crime is brought to trial within six months of the date that his not guilty plea is entered, the charges against him must be dismissed. In determining when the six months has expired, periods of delay for certain specified reasons are excluded. Section 18–1–405(6)(d) (1978 Repl. Vol. 8) describes the exclusion relevant here:

(6) In computing the [6 month limit] within which a defendant shall be brought to trial . . . the following periods of time shall be excluded:

\* \* \* \* \* \*

(d) The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial.

The People argue that this exception contemplates an exclusion from the speedy trial period not only for the time of the defendant's actual absence or unavailability

---

**2.** The court rejected two arguments advanced by the People that would have resulted in an extension of the speedy trial deadline beyond November 28. First, the People contended that the delay from September 8 to October 13 should also be excluded from the speedy trial period because it was necessitated by the substitution of counsel for the defendant and the inability of new counsel to meet the scheduled trial date. Additionally, they asserted that the failure of the defendant to appear for trial was tantamount to a request for a continuance and that under the speedy trial statute the granting of a continuance at the defendant's request results in a new six month period for bringing him to trial. Consequently, they contended, the state should be granted a new six month speedy trial period dating from October 13.

but also for any additional period of delay that may be fairly attributable to the defendant as a result of his voluntary unavailability. We agree.[3]

First, it appears that the plain meaning of the phrase "[t]he period of delay resulting from the voluntary absence or unavailability of the defendant" reflects an intent to encompass more than the period of the defendant's actual unavailability. In this connection, it is instructive to compare this language with the more specific language of section 18–1–405(6)(a), which provides that the speedy trial period shall be tolled for "*[a]ny period during which* the defendant is incompetent to stand trial, or is unable to appear by reason of illness or physical disability, or is under observation or examination pursuant to a plea of not guilty by reason of insanity." (Emphasis added.) *See also* Crim.P. 48(b)(6)(I). Thus, where the intent was to limit the exclusion to the time during which a specified condition existed, this intent was made manifest. In contrast, section 18–1–405(6)(d) does not limit its effect to the "period during which" the defendant is voluntarily absent. Rather, it employs a causative limit on the period of delay that is excusable. That is, it excuses all delay "resulting from" the defendant's voluntary absence. This is a broader concept and one which should be given effect consistent with its apparent purpose. An Alaskan court faced with interpretation of a very similar exclusion provision under that state's speedy trial statute has reached this same conclusion. *Russell v. Municipality of Anchorage*, 626 P.2d 586 (Alaska Ct.App.1981); *see also State v. Sherman*, 217 Kan. 326, 536 P.2d 1373 (1975) (stating that a reasonable period of time should be allowed for rescheduling of the defendant's trial after the defendant's failure to appear on the scheduled trial date, and that this period of delay should be charged to the defendant).

The correctness of our conclusion is also reinforced by reference to our cases applying the exclusion provision of section 18–1–405(6)(e), C.R.S.1973 (1978 Repl.Vol. 8). *See also* Crim.P. 48(b)(6)(V). That statuté excludes from the six month speedy trial time "[t]he period of delay caused by any mistrial, not to exceed three months for each mistrial." In *Pinelli v. District Court*, 197 Colo. 555, 595 P.2d 225 (1979), we rejected the defendants' contention that this provision excluded only the actual time of the mistrial and a short period to allow the parties to resubpoena witnesses, and held that the entire period of delay between the mistrial and the retrial was excludable from the speedy trial period, provided such delay was reasonable. Similarly, in *People v. Erickson*, 194 Colo. 557, 574 P.2d 504 (1978), we concluded that the length of delay "caused by any mistrial" included the entire period of delay between the mistrial and a subsequent trial, and not merely the days on which the aborted trial was in progress.

In light of these decisions and the plain meaning of section 18–1–405(6)(d) and Crim.P. 48(b)(6)(IV), we conclude that the exclusion provision applicable to the defendant's voluntary absence or unavailability applies to the entire period of delay that may be fairly attributed to such absence. The remaining task is to apply this standard to the facts of the case before us.

### III.

In considering whether a case should be dismissed for failure to afford a speedy trial, each case must be viewed individually. *People v. Colantonio*, 196 Colo. 242, 583 P.2d 919 (1978). Where the question is what period of delay should be excused on the basis that it is the result of the defendant's voluntary unavailability, the determination will necessarily be highly dependent upon

---

**3.** The People continue to urge before this court that a defendant's failure to appear for trial is tantamount to a continuance of the trial at the request of the defendant, and that, consequently, pursuant to section 18–1–405(3) and Crim.P. 48(b)(3), the State should be given an additional six month speedy trial period dating from the

defendant's failure to appear. We find this argument unpersuasive. Since the statute and the rule expressly prescribe the consequence of a defendant's voluntary unavailability, treatment of that unavailability as a request for a continuance would be contrary to the intent expressed in the statute and the rule.

the facts of each case. *See Pinelli v. District Court, supra.* Consequently, an attempt to provide precise guidelines would not be efficacious. Rather, in resolving such issues in each case, we must find our guidance in the purposes underlying the speedy trial provisions.

■ Section 18–1–405 and Crim.P. 48(b) were designed to render more effective the right to a speedy trial guaranteed by *Colo. Const.* Art. II, § 16 and *U.S.Const.* amends. VI and XIV. *Sweet v. Myers,* Colo., 612 P.2d 75 (1980); *Simakis v. District Court,* 194 Colo. 436, 577 P.2d 3 (1978). The purposes served by these provisions include minimization of the anxiety and concern resulting to a defendant from public accusation, and the prevention of prejudice to the accused arising from long delays. *P. V. v. District Court,* 199 Colo. 357, 609 P.2d 110 (1980). The more general public interest is also served by an early determination of guilt "so that the innocent may be exonerated and the guilty punished." *Jaramillo v. District Court,* 174 Colo. 561, 567, 484 P.2d 1219, 1221 (1971); *accord, People v. Moye,* 635 P.2d 194 (Colo.1981); *P. V. v. District Court, supra.* However, the speedy trial provisions are not intended to be applied in a wooden or mechanistic fashion. There is also a countervailing interest in effective enforcement of the criminal laws. *See generally* II ABA Standards for Criminal Justice § 12–2.1, Commentary (1980). As we recently said in discussing section 18–1–405 and Crim.P. 48, "[a] just result is intended." *People v. Moye, supra,* 635 P.2d at 195.

■ Informed by these general considerations, we conclude that the delay in this case was not cause for dismissal. First, the delay was attributable to the defendant's failure to appear for his October 13 trial date. Upon the defendant's return on November 13, the matter was continued because of Judge Rothenberg's absence, but was set for hearing on the day of her return, December 1. On that day, the matter was apparently granted precedence and was set for trial on December 7. The record contains no suggestion that there was some more expeditious manner of handling this matter, consistent with sound principles of judicial administration. Second, the delay was short. Even under the trial court's calculations, the speedy trial period did not expire until November 28, and the defendant's trial was scheduled to commence only nine days later on December 7.[4] Third, the result we reach is consistent with the policies of the speedy trial provisions. Initially, we note that there is no indication that the defendant has suffered any prejudice in the present action as a result of the delay, or that he has suffered any other type of harm or disadvantage because of that delay. Further, a contrary outcome would undermine the general societal interest in effective enforcement of the laws and would be inconsistent with the intent of the speedy trial provisions that a just result be accomplished.

Under these facts we hold that dismissal of the charges against the defendant was not required by either the express provisions or underlying intent of section 18–1–405 and Crim.P. 48(b).

Accordingly, the judgment of the district court is reversed and the case is remanded for reinstatement of the charges against the defendant and for further proceedings consistent with the opinion.

ROVIRA, J., specially concurs.

ROVIRA, Justice, specially concurring:

I concur in the result reached by the court, but take exception to the dictum set out in footnote 3 of the opinion.

Where, as here, we have expressed our agreement with the People's position that section 18–1–405(6)(d), C.R.S.1973, contem-

4. Where the length of the delay is substantial or the defendant's role in causing the delay is more attenuated, the prosecution may be required in felony cases to move for a continuance pursuant to section 18–1–405(6)(g)(II). *See also* Crim.P. 48(b)(6)(VII)(B). Indeed, where these provisions are applicable and there is any concern with the applicability of an exclusion period, the preferable practice would be to seek such a continuance so as to eliminate the type of problem that arose in the present case.

plates "any additional period of delay that may be fairly attributable to the defendant as a result of his voluntary unavailability," and that resolution decides the issue before us, I see no sound reason for deciding the effect of another statute or rule.

In addition, I am not convinced that the argument of the People as to the applicability of section 18–1–405(3) and Crim.P. 48(b)(3) is all that unpersuasive. In an appropriate case we might wish to consider this argument, and I do not believe it prudent to resolve the question by dictum encased in a footnote.

I also take issue with the court's statement to the effect that the result we reach is warranted because there is no indication that the defendant has suffered any prejudice as a result of the delay. The corollary to that proposition is that if the defendant had suffered prejudice then we might well agree with the trial court and dismiss the charges.

In my view, any prejudice which the defendant may suffer in these circumstances is brought about by his own acts. Failing to appear at trial and thereby violating the conditions of his bond should preclude this court from weighing or considering any prejudice which might result as a result of those acts.

A person charged with a crime who is out on bond has a duty to be present in court when required. Failure to adhere to that responsibility should not result in advantage to him.