The PEOPLE of the State of
Colorado, Petitioner,

v.

Judy RUNNINGBEAR, Respondent.

No. 86SC78.

Supreme Court of Colorado,
En Banc.

April 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Maureen Phelan, Asst. Attys. Gen., Denver, for petitioner.

Forrest W. Lewis, Scott D. Wolfe, Denver, for respondent.

ERICKSON, Justice.

Respondent Judy Runningbear was convicted by a jury of attempt to commit second-degree murder, first-degree burglary, aggravated robbery, first-degree assault, and conspiracy to commit aggravated robbery. Prior to trial, respondent moved to dismiss the charges alleging that she was denied her statutory right to a speedy trial, section 18–1–405, 8 C.R.S. (1978 & 1982 Supp.). The district court denied the motion, but the court of appeals reversed the convictions and dismissed the charges with prejudice because of a denial of the statutory right to a speedy trial. We granted certiorari to determine whether the granting of a defendant's motion for severance immediately before trial can be grounds for extending the statutory right to a speedy trial under section 18–1–405 for a reasonable period of time based upon docket congestion. We reverse and remand the case to the court of appeals with directions to reinstate the judgment of conviction and the sentence imposed by the district court.

I.

On August 22, 1982, during a burglary and aggravated robbery, a man and two women cut the throats of two victims. Despite the severity of their wounds, both victims survived. Runningbear and two others were arrested and charged with attempt to commit first and second-degree murder, section 18–2–101, 8 C.R.S. (1978); first-degree burglary, section 18–4–202, 8 C.R.S. (1978 & 1982 Supp.); aggravated robbery, section 18–4–302, 8 C.R.S. (1978); first-degree assault, section 18–3–202, 8 C.R.S. (1978 & 1982 Supp.); and conspiracy to commit aggravated robbery, section 18–2–201, 8 C.R.S. (1978).

## A.

### The Chronology

On December 8, 1982, Runningbear was arraigned and pleaded not guilty to the charges. A trial date for Runningbear and her two codefendants was set for May 3, 1983. Thereafter, the three defendants filed several motions and the trial court reserved March 14, 1983, for a motions hearing. On March 14, 1983, with the defendants' consent, the motions hearing was rescheduled to April 6, 1983, to accommodate Runningbear's counsel who had to argue motions in a first-degree murder trial. On March 28, 1983, the respondent joined motions for severance filed earlier by her codefendants and sought a separate trial.[1] The motions hearing was reset for April 11, 1983, and later changed to May 11, 1983. The change in the date of the motions hearing was made because a codefendant had hired private counsel who could not enter the case until court-appointed counsel withdrew and because Runningbear's attorney was engaged in a murder trial from April 11, 1983, until May 5, 1983. The trial date was also rescheduled to June 6, 1983 from May 3, 1983.

On May 11, 1983, the court granted the severance motions of all three defendants since the prosecution concededly intended to offer prejudicial evidence that would be admissible against only one defendant.[2] Runningbear's counsel agreed to a second trial date of July 18, 1983,[3] and the other two defendants were to be tried on June 6, 1983, and August 2, 1983. On July 18, 1983, Runningbear's trial date was changed to August 15, 1983, because another case had only two days remaining to comply with the requirements of the speedy trial act, section 18-1-405, 8 C.R.S. (1978 & 1982 Supp.).[4] The trial judge also believed that under the speedy trial act there was a reasonable period of time after granting the motion for severance in which to bring Runningbear to trial.

On August 2, 1983, prior to the scheduled trial date, Runningbear filed a motion to dismiss the charges because she was denied a speedy trial. § 18-1-405; Crim.P. 48(b). The court denied the motion on August 10, 1983, finding that Runningbear had not demonstrated any prejudice from the delay and that the delay was not "unreasonable in light of the history of this case, [and] the fact that [a codefendant] consumed seventeen days of trial time."

Runningbear's jury trial commenced on August 17, 1983. She was convicted of attempt to commit second-degree murder, first-degree burglary, aggravated robbery, first-degree assault, and conspiracy to commit aggravated robbery, and sentenced to serve concurrently eight years on the first charge, fifteen years on each of the next three charges, and four years on the last charge.

1. The record is unclear as to when Runningbear's codefendants filed their individual motions for severance.

2. Crim.P. 14 provides:

   If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses or of defendants in any indictment or information, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires. However, upon motion any defendant shall be granted a separate trial as of right if the court finds that the prosecution probably will present against a joint defendant evidence, other than reputation or character testimony, which would not be admissible in a separate trial of the moving defendant, and that such evidence would be prejudicial to those against whom it is not admissible. In ruling on a motion by a defendant for severance, the court may order the prosecuting attorney to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the prosecution intends to introduce at the trial.

   In this case, severance was mandatory since the prosecution intended to introduce evidence admissible against only one defendant. *See People v. Horne,* 619 P.2d 53 (Colo.1980); *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972).

3. Although the prosecution asserts that the second trial date was July 18, 1983, not June 18, 1983, one part of the record indicates that Runningbear agreed to a trial date of June 18, 1983. In recounting the history of the case, however, the judge later stated that the date was July 18, 1983. The respondent concedes in her answer brief that she agreed to a trial date of July 18, 1983.

4. The record is unclear whether respondent consented or objected to the August 15 trial date.

## B.

### Resolution on Appeal

In dismissing the charges and the conviction against Runningbear, the court of appeals concluded that by consenting to the July 18 trial date the defendant extended the speedy trial period from June 8, 1983, to July 18, 1983. *See People v. Bell,* 669 P.2d 1381 (Colo.1983); § 18–1–405(6)(f); Crim.P. 48(b). The continuance to August 15, 1983, however, was deemed to violate the speedy trial statute because Runningbear did not agree to the new trial date and docket congestion does not relieve the district attorney and the trial court of the obligation of complying with section 18–1–405. *See Bell,* 669 P.2d 1381; *Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975).

## III.

### The Speedy Trial Act

Section 18–1–405, 8 C.R.S. (1978), provides in relevant part:

(1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

. . . .

(5) To be entitled to a dismissal under subsection (1) of this section, the defendant must move for dismissal prior to the commencement of his trial or prior to the entry of a plea of guilty to the charge or an included offense. Failure to so move is a waiver of the defendant's rights under this section.

. . . .

(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

. . . .

(f) The period of any delay caused at the instance of the defendant. . . .

*See also* Crim.P. 48(b).[5]

In determining whether a defendant has been afforded a speedy trial, each case must be viewed individually. *Williamsen v. People,* 735 P.2d 176 (Colo.1987); *People v. Sanchez,* 649 P.2d 1049 (Colo.1982). A delay is excludable under section 18–1–405(6)(f) if it is caused by, agreed to, or otherwise created at the instance of the defendant. *People v. Bell,* 669 P.2d 1381 (Colo.1983); *see Jones v. People,* 711 P.2d 1270 (Colo.1986). The trial court and prosecution have the burden of insuring compliance with section 18–1–405. *People v. Beyette,* 711 P.2d 1263 (Colo.1986); *Marquez v. District Court,* 200 Colo. 55, 613 P.2d 1302 (1980). Here, the six-month period commenced on December 8, 1982, when Runningbear entered a plea of not guilty, and it expired on June 8, 1983, unless the period was tolled for excludable delays.

The trial court found that the speedy trial statute was tolled for a reasonable period of time after the severance and that the delay in trying Runningbear was not unreasonable. Runningbear concedes that the forty-day period between June 8, 1983 (the expiration of the statutory six-month period) and July 18, 1983 (the trial date she agreed to) must be excluded from the speedy trial computation under section 18–1–405(6)(f). Runningbear contends, however, that following the granting of her motion for a separate trial she had to be tried no later than July 18, 1983. She argues that docket congestion and not her actions caused the continuance from July 18, 1983, to August 15, 1983. Finally, she asserts that the trial court's holding impermissibly requires a defendant to choose

---

5. The provisions of Crim.P. 48(b) are substantially similar to the speedy trial statute, § 18–1–405, 8 C.R.S. (1978 & 1982 Supp.). The method of resolving the speedy trial issue is the same under the statute or the rule. *People v. Deason,* 670 P.2d 792 (Colo.1983).

between the right to a speedy trial and the right to relief from a prejudicial joinder under Crim.P. 14.

### A.

■ Section 18–1–405 does not provide guidance in determining the time permitted under the speedy trial act to try a defendant after a defense motion for a severance is granted. Delays caused by a severance granted shortly before or during trial create substantial obstacles to compliance with the speedy trial statute. Although a motion for severance under Crim.P. 12(b)(3) must "be made within twenty days following arraignment," the deadline is not strictly enforced. The grounds for severance often arise more than twenty days after arraignment. *See* II ABA Standards for Criminal Justice, Speedy Trial, §§ 13–3.1 to –3.3 (1986) (recognizing that motion for severance must be made before trial, but may be made before or at close of evidence, if based upon a ground not previously known). When a trial court grants a motion for a severance shortly before or during trial, the court is confronted with the problem of scheduling at least one and often several new trials within the confines of the speedy trial deadlines imposed by section 18–1–405.

In determining the effect of a severance on section 18–1–405, our primary task is to ascertain and effectuate the intent of the General Assembly. *People v. Guenther,* 740 P.2d 971 (Colo.1987); *People v. District Court,* 713 P.2d 918 (Colo.1986). To divine legislative intent, a statute should be interpreted to give consistent, harmonious, and sensible effect to all of its parts. *People v. District Court,* 713 P.2d at 921; *Massey v. District Court,* 180 Colo. 359, 506 P.2d 128 (1973). We presume that the General Assembly intends a just and reasonable result when it enacts a statute, and a statutory construction that leads to an absurd result will not be followed. *Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985); § 2–4–201(1)(c), 1B C.R.S. (1980); *see People v. Sanchez,* 649 P.2d 1049 (Colo.1982) (section 18–1–405 and Crim.P. 48 must be construed to reach a just result). The rule of strict construction of penal statutes will not be used to

defeat the General Assembly's intent. *Olinyk v. People,* 642 P.2d 490 (Colo.1982); *People v. Meyers,* 182 Colo. 21, 510 P.2d 430 (1973).

Section 18–1–405 was intended to effectively implement the constitutional right of an accused to a speedy trial and to prevent unnecessary prosecutorial and judicial delays in the prosecution of a criminal case. *People v. Sanchez,* 649 P.2d 1049 (Colo. 1982); *People v. Moye,* 635 P.2d 194 (Colo. 1981); *Sweet v. Myers,* 200 Colo. 50, 612 P.2d 75 (1980). The General Assembly, however, did not intend the speedy trial provisions to be applied in "a wooden or mechanistic fashion." *Sanchez,* 649 P.2d at 1052. The countervailing interest in effective enforcement of criminal laws must also be considered. *Id.; see* II ABA Standards for Criminal Justice, Speedy Trial, § 12–2.1, Commentary (1986).

The effect of scheduling delays caused by the granting of a motion for severance on the defendant's statutory right to a speedy trial has been analyzed differently in state and federal courts. Federal courts, pursuant to 18 U.S.C. sections 3161 to –74 (1982), exclude from the Speedy Trial Act's seventy-day limitation all time between the filing of the motion and the conclusion of the hearing on the motion. *Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); *United States v. Welch,* 810 F.2d 485 (5th Cir.1987); *see United States v. Handley,* 644 F.Supp. 1165 (N.D.Ala.1986) (excluding time between joint trial date and new trial date following severance as *sua sponte* continuances under section 3161(h)(8)(A)); *State v. Hawley,* 256 Ind. 244, 268 N.E.2d 80 (1971) (applying federal standard). Other jurisdictions begin a new speedy trial period on the date the motion is granted, *e.g., People v. Grant,* 68 Ill.2d 1, 11 Ill.Dec. 301, 368 N.E.2d 909 (1977), or exclude a reasonable period of time after severance in which to reschedule the case for trial, *State v. Hopper,* 25 Ariz.App. 65, 540 P.2d 1284 (1975).

In our view, the granting of Runningbear's motion for severance shortly before

the scheduled trial date caused delays "at the instance of the defendant" and gave the prosecution a reasonable period of time in which to try Runningbear. Under the unusual circumstances of this case, to require the prosecutor to comply with the original six-month speedy trial period would cause the statute's goal of implementing the constitutional right to a speedy trial to be used unfairly and would ignore the state's countervailing interest in law enforcement. An accused should not be able to use a motion for severance to "run time off" the speedy trial clock and defeat compliance with the speedy trial statute. *People v. Martin*, 732 P.2d 1210 (Colo.1987). The right to a speedy trial under the sixth amendment of the United States and section 16, article II of the Colorado Constitutions cannot be used to prevent an accused from being tried when the delay in issue was the sole product of a defendant's motion for severance. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d (1972) (constitutional right to speedy trial determined by *ad hoc* balancing of four factors: the defendant's assertion of right to speedy trial, the length of delay, the reasons for delay, and the prejudice to the defendant); *People v. Small*, 631 P.2d 148 (Colo.) (same), *cert. denied*, 454 U.S. 1101, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981); *see also State v. Smith*, 59 Haw. 456, 583 P.2d 337 (1978) (four-month delay caused by granting of defendant's motion for severance did not violate constitutional right to speedy trial); *Cain v. Commonwealth*, 554 S.W.2d 369 (Ky.1977) (delay from June 9, 1976, to October 13, 1976, caused by severance did not violate constitutional right to speedy trial).

The General Assembly has recognized the problems inherent in motions joining or severing defendants for trial. Under section 18–1–405(6)(c), a reasonable period of delay following the joinder of defendants for trial is excluded from the speedy trial period provided that the speedy trial period has not run on any codefendant and there is good cause for not granting a severance. The exception recognizes the scheduling problems posed by joining defendants with different speedy trial periods. When a severance is granted shortly before or during trial, the trial judge must schedule multiple trials for defendants with different speedy trial deadlines and labor under the same time constraints that exist in joining defendants for trial. Accordingly, to cope with scheduling problems a reasonable period of delay should be excluded from the speedy trial period following a severance granted shortly before or during trial. *See* § 18–1–405(6)(e) (excluding reasonable period of delay not in excess of three months following a mistrial); *see Martin*, 732 P.2d 1210 (§ 18–1–405(6)(d) excludes reasonable period of time after voluntary unavailability or absence of defendant); *People v. Sanchez*, 649 P.2d 1049 (Colo.1982) (same).

In excusing the scheduling problems caused by docket congestion under the facts of this case, we are not unmindful of our past holding that docket congestion does not relieve the district attorney from the obligation of complying with the speedy trial statute. *See People v. Bell*, 669 P.2d 1381 (Colo.1983); *People v. Pipkin*, 655 P.2d 1360 (Colo.1982); *Carr v. District Court*, 190 Colo. 125, 543 P.2d 1253 (1975). We must, however, recognize and effectuate the intent of the General Assembly when it enacted section 18–1–405. In *Pipkin*, we found that the Assembly intended to implement the American Bar Association Standards for Criminal Justice relating to speedy trial when it adopted section 18–1–405. 655 P.2d at 1360. Standard 12–2.3(b) excludes a period of delay resulting from docket congestion when the congestion is caused by exceptional circumstances.[6] II ABA Standards for Criminal Justice, Speedy Trial, § 12–2.3(b) (1986). In our view, when a defendant's motion for severance is granted shortly before or during

---

**6.** *Compare* section 18–1–405(6) *with* the Uniform Mandatory Disposition of Detainers Act, section 16–14–104, 8 C.R.S. (1978) (ninety-day time limit may be extended by the court "for good cause shown"); section 16–11–206(4), 8 C.R.S. (1978) (the time limit for hearings to revoke probation may be extended for "good cause").

trial, exceptional circumstances exist and docket congestion may be considered to determine the reasonable period of delay that tolls the speedy trial statute.[7]

### B.

■ In this case, the trial court found that under the circumstances the ninety-eight-day delay between the granting of the motion for severance and the trial of Runningbear was reasonable. In our view, this finding is supported by the record, and must be upheld on appeal. *Williamsen v. People,* 735 P.2d 176 (Colo.1987); *see People v. Sanchez,* 649 P.2d 1049 (Colo.1982) (determination of reasonableness under section 18–1–405 considers reasons and necessity for delay, length of delay, and prejudice to the defendant caused by the delay); *see Martin,* 732 P.2d at 1214; *Pinelli v. District Court,* 197 Colo. 555, 595 P.2d 225 (1979) (two-month delay reasonable where trial court set retrial on earliest date available on court's calendar).

Accordingly, the judgment of the court of appeals is reversed, and the case is remanded to the court of appeals with directions to reinstate the judgment of conviction and sentence imposed by the district court against Runningbear.[8]

---

7. In *Pinelli v. District Court,* 197 Colo. 555, 557, 595 P.2d 225, 227 (1979), we stated: "Although it is clear that docket congestion would not warrant a retrial later than the three-month maximum period for delay caused by a mistrial, it is a factor in determining the reasonableness of the delay within the statutory and procedural time periods of section 18–1–405(6)(e)." (Citations omitted.) *Cf. People v. Martin,* 732 P.2d 1210 (Colo.1987) (docket congestion is factor considered under section 18–1–405(6)(d) in determining whether delay is reasonable and is excluded from speedy trial period).

We do not hold that exceptional circumstances exist in every case in which the defendant files a motion for severance. When the severance is granted long enough before the scheduled trial date that the court can accommodate the resulting case load, the prosecution must adhere to the six-month speedy trial period and is not allowed a reasonable time beyond the six-month period to bring the defendant to trial. Here, however, the defendant filed the motion three months into the speedy trial period and delayed the hearing on the motion until after the first scheduled trial date. The court could not, under these circumstances, try each defendant within the six-month speedy trial period.

8. Respondent contends that *People v. Bell,* 669 P.2d 1381 (Colo.1983), is factually indistinguishable from the present case. We disagree. In *Bell,* after several continuances agreed to by the defendant, he accepted a plea bargain offered by the district attorney but attempted to enter a qualified guilty plea under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court decided not to accept the plea without testimony and scheduled a hearing on December 7, 1981. The hearing was continued by minute order to February 16, 1982, because of docket congestion. On February 16, 1982, the court again continued the hearing to April 12, 1982, due to docket problems. We held that the speedy trial period expired on January 6, 1982, because the delays in holding the *Alford* hearing were caused by docket congestion and not the defendant. Under the facts of this case, however, the trial court and prosecution have a reasonable period of time after the granting of the severance motion to try the defendant. Also here, unlike *Bell,* the defendant caused the motion hearing to be delayed because her attorney was involved in a pending murder trial.

