The PEOPLE of the State of Colorado, Petitioner–Appellant,

In the Interest of N.P., a minor child, Respondent–Appellee,

and

Concerning H.P., Respondent.

No. 87SA257.

Supreme Court of Colorado.

Feb. 13, 1989.

James F. Smith, Dist. Atty., Michael J. Milne, Deputy Dist. Atty., Brighton, for petitioner-appellant.

David F. Vela, Colorado State Public Defender, Lauren Cleaver, Deputy State Public Defender, Brighton, for respondent-appellee.

ROVIRA, Justice.

The People appeal, pursuant to section 16–12–102, 8A C.R.S. (1986), from an order of the Adams County District Court dismissing a delinquency petition against N.P., a child, because his statutory right to a speedy trial was violated. This case

presents the question whether the trial court erred by failing to exclude from the speedy trial period a reasonable amount of time to reset the case for trial following the issuance of remittitur from the People's appeal. We disagree with the trial court's conclusion and accordingly reverse the order of dismissal.

## I.

In a delinquency petition, N.P. was charged with sexual assault on a child. On September 10, 1985, a preliminary hearing was held and probable cause was found. N.P. entered a not guilty plea and the case was set for trial on January 29, 1986.

On January 16, 1986, the case was dismissed because the trial court found that section 18–3–405, 8B C.R.S. (1986), sexual assault on a child, was unconstitutional. The People appealed. In *People in Interest of J.A.*, 733 P.2d 1197 (Colo.1987), we reversed and remanded with directions to reinstate the petition against N.P. The remittitur issued on March 25, 1987, and was filed in the district court on March 30, 1987.

On April 7, 1987, the district attorney requested that the court reset the delinquency petition for trial. N.P. was not present. The trial court appointed the public defender to represent N.P. and a pretrial conference was set for April 21, 1987. On that date, N.P. was again not present, and the pretrial conference was continued until May 4, 1987. N.P. was subsequently located at the Mountview School for Boys, a facility operated by the Department of Institutions. N.P. appeared at the May 4 hearing, and trial was set for June 1, 1987.

On May 27, 1987, the prosecution moved to continue the case on the grounds that the victim was unavailable because he had chicken pox and his doctor had ordered him to remain at home until the contagious period of the illness was over. A continuance was granted and the trial was set for July 6, 1987. N.P. then filed a motion to dismiss on the grounds that his statutory

and constitutional speedy trial rights had been violated.

At a hearing on June 18, 1987, the trial court found that 138 days[1] had elapsed between the date the plea was entered and the date the case was first dismissed, and 85 days had elapsed from the date the case was remanded until the date of the hearing, a total of 223 days. The court concluded that none of the tolling provisions of section 18–1–405(6), 8B C.R.S. (1986), applied and ordered the case dismissed.

## II.

The People contend that the trial court erred in not applying the provisions of section 18–1–405(6)(f), and as a result "did not properly exempt all the time which was excusable from the speedy trial period." They argue that a "period of any delay caused at the instance of the defendant" includes a reasonable period of time for rescheduling a defendant's trial.

■ Section 18–1–405, 8B C.R.S. (1986), provides in pertinent part:

(1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

. . . .

(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

. . . .

---

1. It is apparent that the trial court erred in arriving at the figure of 138 days. Both parties agree that 128 days elapsed between the date the plea was entered and the case was first dismissed. Accordingly, based on the trial court's analysis, 213 days had elapsed.

(f) The period of delay caused at the instance of the defendant....

*See also* Crim.P. 48(b).[2] The six-month period is mandatory unless the period of delay fits within or can be inferred from one of the exceptions in the statute.[3] *People v. Martin,* 732 P.2d 1210, 1213 (Colo.1987). Trial courts are bound by the statutory speedy trial requirements in juvenile as well as adult proceedings. *P.V. v. District Court,* 199 Colo. 357, 360, 609 P.2d 110, 111 (1980). In addition, each case must be viewed individually to determine whether a defendant has been afforded a speedy trial, *Williamsen v. People,* 735 P.2d 176, 180 (Colo.1987), and the statute is not intended to be applied in a "wooden or mechanistic fashion," *People v. Sanchez,* 649 P.2d 1049, 1052 (Colo.1982).

Section 18-1-405 was intended to effectively implement the accused's constitutional right to speedy trial and to prevent unnecessary prosecutorial and judicial delays. *People v. Runningbear,* 753 P.2d 764, 767 (Colo.1988). But the countervailing interest in effective law enforcement must also be considered. *Id.* at 767.

Subsection (6)(f) is the most difficult of the section 18-1-405 exclusions to apply. "The key to interpreting category (6)(f) is to determine whether the defendant caused the delay. If the delay is caused by, agreed to, or created at the instance of the defendant, it will be excluded from the speedy-trial calculation made by the court." *People v. Bell,* 669 P.2d 1381, 1384 (Colo. 1983). "Any lapse of time must be reviewed to determine 'what part, if any, was due to delays at the request of or for the benefit of the defendant. The time involved in such delays is properly charge-

able to the defendant.' " *Williamsen,* 735 P.2d at 180 (citations omitted).

In this case, there is no dispute that the statutory speedy trial period was tolled between January 16, 1985, and March 25, 1987, the time between the dismissal of the charges by the trial court and the issuance of the remittitur after the People's appeal. *See People v. Jamerson,* 198 Colo. 92, 596 P.2d 764 (1979). The question we must resolve is whether, upon issuance of a remittitur, the speedy trial period begins to run instantaneously from where it left off when the appellate process began, or whether a reasonable period of time is allowed to the prosecution to reset the case for trial after a remittitur has issued.

This court has allowed a reasonable time within which to reset a case for trial in several situations. *See, e.g., Runningbear,* 753 P.2d at 768 (based on subsection (6)(f), a reasonable time to retry allowed after the defendant's motion for severance was granted shortly before his scheduled trial); *Williamsen,* 735 P.2d at 181 (based on subsection (6)(f), the trial court's ruling which allowed a reasonable time between the denial of a defendant's motion to dismiss and the rescheduled trial date was not disturbed on review); *Martin,* 732 P.2d at 1214 (subsection (6)(d) allows a reasonable time in which to bring a formerly absent defendant to trial); *Sanchez,* 649 P.2d at 1051 (the exclusion provision in subsection (6)(d) for the time of defendant's absence applies to the entire period of delay that may be fairly attributed to such absence).

In *People v. Sanchez,* 649 P.2d 1049 (Colo.1982), we relied on the distinction in the language used by the General Assembly in subsections (6)(d) and (6)(a). Subsection (6)(d) uses the language "[t]he *period*

---

**2.** The provisions of Crim.P. 48(b) are substantially similar to the speedy trial statute, section 18-1-405, 8B C.R.S. (1986). Although we analyze this case under the statute, our decision is equally applicable to a case brought under the rule. *People v. Deason,* 670 P.2d 792, 794 n. 2 (Colo.1983).

**3.** The General Assembly amended section 18-1-405(6) to include the following exclusion to the six-month period set forth in subsection (1):

(h) The period of delay between the new date set for trial following the expiration of the time periods excluded by paragraphs (a), (b), (c), (d), and (f) of this subsection (6), not to exceed three months.

§ 18-1-405(6)(h), 8B C.R.S. (1986). Although this provision would be dispositive of the issue before us, it was not effective until July 1, 1985, ch. 136, sec. 7, § 18-1-405, 1985 Colo.Sess.Laws 623, and is therefore not applicable to this case because the alleged delinquent acts occurred on May 12, 1985.

*of delay resulting from* [the defendant's] voluntary absence" while subsection (6)(a) uses the language "[a]ny *period during which* the defendant is incompetent to stand trial." (Emphasis added.) Subsection (6)(d), therefore, "reflects an intent to encompass more than the period of the defendant's actual unavailability." *Id.* at 1051. Based on the difference in the language used in these subsections, we concluded that "the exclusion provision applicable to the defendant's voluntary absence or unavailability applies to the entire period of delay that may be fairly attributed to such absence." *Id.* at 1051.

This distinction is equally applicable in this case under subsection (6)(f) because this subsection uses the language "[t]he *period of any delay caused at the instance of* the defendant." (Emphasis added.) This language reflects an intent to encompass all of the period of delay caused by the defendant, which includes the time reasonably necessary to reset a case for trial once the case has been returned to the trial court after appeal.

Finally, the purposes of the speedy trial statute are served by allowing a reasonable time after issuance of a remittitur in which to bring a defendant to trial. That is, this conclusion provides for the resolution of charges against a defendant within a reasonable time while taking into consideration the countervailing interest in effective law enforcement.[4]

For the foregoing reasons, the trial court's order of dismissal is reversed and the case is remanded for the trial court to apply the speedy trial statute in a manner consistent with this opinion.

---

4. We note that the adoption of the view that the speedy trial period begins to run instantaneously after the issuance of remittitur would lead to an absurd result in cases where there was little time left in the speedy trial period before the appeal was initiated. In such a case, without the tolling of a reasonable period of time, there would be insufficient time to prepare for trial once the case has been returned after appeal.