Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
April 10, 2017

**2017 CO 20**

**No. 12SC143, <u>Mosley v. People</u>—Criminal Trials—Speedy Trial—Continuances.**

The supreme court reviews the court of appeals' construction of Colorado's speedy trial statute, section 18-1-405, C.R.S. (2016). The supreme court rejects Mosley's contention that the exclusions of time listed in subsection (6) of the statute apply only to the speedy trial calculation for an initial trial, and not for a new trial following reversal of a conviction on appeal under subsection (2). The supreme court concludes that subsection (1) of the statute establishes the basic right to a speedy trial, and that subsection (2) clarifies that right by identifying the trial court's receipt of the mandate as the event that triggers the six-month speedy trial period for a new trial following reversal of a conviction on appeal. Because a defendant's speedy trial right—whether in an initial trial or on retrial—derives from subsection (1), the exclusions of time listed in subsection (6) apply to both an initial trial and a new trial following reversal of a conviction on appeal.

The supreme court further rejects Mosley's contention that the trial court erred in granting a continuance and extending the speedy trial deadline in this case. The supreme court therefore affirms the judgment of the court of appeals.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

## 2017 CO 20

---

### Supreme Court Case No. 12SC143
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 08CA1565

---

#### Petitioner:

Victor Mosley,

v.

#### Respondent:

The People of the State of Colorado.

---

### Judgment Affirmed
*en banc*
April 10, 2017

---

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Karen N. Taylor, Deputy Public Defender
  *Denver, Colorado*

**Attorneys for Respondent:**
George H. Brauchler, District Attorney, Eighteenth Judicial District
Richard Orman, Senior Deputy District Attorney
David C. Jones, Senior Deputy District Attorney
  *Centennial, Colorado*

**JUSTICE MÁRQUEZ** delivered the Opinion of the Court.

¶1 A jury convicted Victor Mosley of sexually assaulting his youngest daughter. The court of appeals later reversed his convictions and remanded the case for a new trial. People v. Mosley, 167 P.3d 157 (Colo. App. 2007). Mosley now contends that the trial court violated his statutory speedy trial right on retrial when it granted the prosecution's request for a continuance. Consequently, he argues, the charges against him must be dismissed.

¶2 This case requires us to examine the interplay between various subsections of Colorado's speedy trial statute, section 18-1-405, C.R.S. (2016), and specifically, whether the exclusions listed in subsection (6) of the statute apply to the six-month speedy trial calculation for a new trial following reversal of a defendant's convictions on appeal.[1]

¶3 Subsection (1) of the speedy trial statute provides that if a criminal defendant is not brought to trial within six months from the date of the entry of a plea of not guilty, the defendant shall be discharged from custody and the pending charges shall be dismissed. § 18-1-405(1). Subsection (2) provides that, if a defendant's convictions are reversed on appeal, "any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court." § 18-1-405(2). Subsection (6) lists circumstances that are excluded from the speedy trial calculation,

---

[1] We granted certiorari to review the following issues:

1. Whether the exclusions contained in section 18-1-405(6), C.R.S. (2016), apply to speedy trial calculations following reversal of a defendant's conviction under section 18-1-405(2), C.R.S. (2016).
2. Whether, following reversal of the defendant's conviction by the court of appeals, the prosecution acted with due diligence necessary to warrant a continuance of the defendant's retrial.

including delay resulting from a continuance granted because material evidence is unavailable despite the prosecutor's diligent efforts to obtain such evidence. See § 18-1-405(6)(g)(I).

¶4 Subsection (6) provides that these exclusions from the speedy trial calculation apply "[i]n computing the time within which a defendant shall be brought to trial <u>as provided in subsection (1)</u>." § 18-1-405(6) (emphasis added). Mosley contends that, because this language refers only to subsection (1), the exclusions listed in subsection (6) do not apply to the speedy trial calculation for a new trial under subsection (2). He argues that the trial court therefore erred in granting the prosecution's request for a continuance of his second trial under subsection (6)(g)(I) due to the unavailability of the complaining witness. He contends that his speedy trial right was violated because his new trial was held beyond the six-month deadline in subsection (2), and therefore, the charges against him must be dismissed. In the alternative, Mosley contends that, even assuming the exclusions in subsection (6) apply to the speedy trial calculation for a new trial under subsection (2), the continuance in this case was unjustified because the prosecution failed to act with due diligence to locate the complaining witness, as required by subsection (6)(g)(I).

¶5 The court of appeals rejected Mosley's arguments, and we granted Mosley's petition for certiorari review. Construing the speedy trial statute as a whole to give consistent, harmonious, and sensible effect to all its parts, we hold the exclusions in subsection (6) of the statute apply to the six-month speedy trial calculation for a new trial following the reversal of a defendant's conviction on appeal. We further hold that

3

the trial court did not abuse its discretion by finding that the prosecution exercised due diligence in attempting to locate and obtain the presence of the complaining witness, and accordingly, did not violate Mosley's statutory speedy trial right when it granted the prosecution's request for a continuance under subsection (6)(g)(I). We therefore affirm the judgment of the court of appeals.

## I. Facts and Procedural History

¶6      Victor Mosley was convicted of three counts of sexual assault on a child by a person in a position of trust (pattern of abuse), nine counts of sexual assault on a child by a person in a position of trust, and one count of crime of violence. People v. Mosley, 167 P.3d 157, 158 (Colo. App. 2007). The prosecution alleged that Mosley sexually assaulted his youngest daughter from 1996 to 2001, when she was between the ages of seven and twelve. Id. A division of the court of appeals reversed Mosley's convictions and remanded the case for a new trial, concluding that the trial court violated Mosley's confrontation rights when it placed a barrier between Mosley and his accuser during her testimony at trial. Id. at 159–62.

¶7      Under section 18-1-405(2) of the speedy trial statute, the trial court's receipt of the court of appeals' mandate on September 19, 2007, triggered a six-month speedy trial deadline of March 19, 2008. However, on October 29, 2007, Mosley waived his right to a speedy trial and his six-month speedy trial deadline was recalculated to April 29, 2008.[2] Trial was set for April 8, 2008.

---

[2] This waiver is reflected in a minute order in the record. Although the circumstances of this waiver are unclear from the minute order, defense counsel noted at the March 31,

4

¶8    On March 31, 2008, the People moved under section 18-1-405(6)(g)(I) to continue the trial beyond the April 29 speedy trial deadline on grounds that the People could not locate the complaining witness. Mosley objected, arguing that the People had not acted with due diligence in attempting to locate the witness and that, therefore, the requirements of subsection (6)(g)(I) had not been satisfied. The trial court found that the alleged victim was a material witness and that the People acted with due diligence in attempting to locate her. It therefore granted the continuance and extended the speedy trial period for an additional six months to September 30, 2008, and rescheduled the trial for June 17, 2008.

¶9    On April 30, 2008, Mosley moved to dismiss the charges against him, arguing that his speedy trial right had been violated. Specifically, Mosley argued that the prosecution failed to satisfy the diligence requirement of subsection (6)(g)(I), and that the trial court should not have extended the speedy trial deadline by six months when the prosecution indicated it needed only six to eight weeks to locate the complaining witness. It appears from the record that the trial court did not rule on this motion prior to trial. Trial commenced on June 17, 2008, and the complaining witness was present and testified. On June 25, 2008, the court declared a mistrial because of a hung jury.

¶10   Mosley thereafter filed a second motion to dismiss for violation of his speedy trial right, asserting for the first time that the exclusions listed in subsection (6) do not apply to subsection (2) of the speedy trial statute. The trial court agreed and granted

_____

2008, hearing that "[w]e delayed [the speedy trial calculation] so we could properly prepare by roughly a month to six weeks."

5

Mosley's motion, reasoning that the exclusions from the speedy trial calculation listed in subsection (6) do not apply to retrials under subsection (2), barring delay attributable to the defendant. The trial court dismissed the charges with prejudice.

¶11 On appeal, the court of appeals reversed and remanded with directions to reinstate the charges. People v. Mosley, ___ P.3d ___, slip op. at 18 (Colo. App. No. 08CA1565, Nov. 23, 2011). The court concluded that subsection (2) is ambiguous because it does not contain a remedy in the event that a new trial is not held within six months. Id. at 9–10. The court concluded that the remedy of dismissal from subsection (1) must be imported into subsection (2) to effectuate the intent of the statute, id. at 11–12, which is "to implement the constitutional right to a speedy trial by requiring dismissal of the case whenever the defendant is not tried within the six month period and the delay does not qualify for one of the express exclusionary categories set out in the statute," id. at 11 (quoting People v. Deason, 670 P.2d 792, 796 (Colo. 1983)). The court further discerned no logical reason why the exclusions in subsection (6) would apply to a defendant's first trial but not that same defendant's retrial after his convictions are reversed on appeal. Id. at 12. The court concluded that to interpret the exclusions in subsection (6) not to apply to a retrial would lead to absurd results and fail to effectuate the legislature's intent. Id. at 13–16. It declined to apply the rule of lenity, reasoning that this rule of last resort may not be applied to defeat legislative intent. Id. at 17. Finally, the court concluded that the record supported the trial court's finding that the People exercised due diligence in attempting to locate the complaining witness; the court thus rejected Mosley's alternative argument that the continuance was

6

improper because the prosecutor did not satisfy the requirements of subsection (6)(g)(I). Id. at 17–18.

## II. Analysis

¶12 To resolve this case, we must determine whether the exclusions in subsection (6) of the speedy trial statute apply to a defendant's new trial following reversal of his conviction on appeal, as contemplated in subsection (2). If the exclusions do apply, we must then determine whether the trial court properly granted the prosecution's request for a continuance under subsection (6)(g)(I); specifically, we must determine whether the trial court abused its discretion in finding that the prosecution acted with due diligence in trying to obtain the presence of the complaining witness.

¶13 Construing the speedy trial statute as a whole to give consistent, harmonious, and sensible effect to all its parts, we conclude that subsection (1) of the statute establishes the basic right to a speedy trial, along with the remedy of dismissal for violation of that right. We further conclude that subsection (2) does not create an independent and distinct speedy trial right unique to cases on retrial. Rather, like other subsections of the speedy trial statute, subsection (2) clarifies the basic six-month speedy trial right established in subsection (1). Specifically, subsection (2) identifies the triggering event (the trial court's receipt of the mandate) that starts the six-month clock for a new trial following reversal of a defendant's conviction on appeal. Because the basic right to a speedy trial is established in subsection (1), the exclusions from the speedy trial calculation set forth in subsection (6) logically refer to the basic right in subsection (1). And because a defendant's basic right to a speedy trial—even on

7

retrial—derives from subsection (1), the exclusions from that six-month speedy trial calculation apply to a new trial following reversal of a conviction on appeal.

¶14    In this case, the trial court did not abuse its discretion by finding that the prosecution exercised due diligence in attempting to locate and obtain the presence of the complaining witness.  Therefore, the trial court properly granted the prosecution's request for a continuance under subsection (6)(g)(I) and did not violate Mosley's statutory speedy trial right.  Accordingly, we affirm the judgment of the court of appeals.

## A.  Standard of Review

¶15    Whether a defendant's statutory speedy trial right has been violated is a matter of construction and application of Colorado's speedy trial statute, section 18-1-405.  See People v. Duncan, 31 P.3d 874, 876 (Colo. 2001).  Statutory interpretation involves questions of law, which we review de novo.  Smith v. Exec. Custom Homes, Inc., 230 P.3d 1186, 1189 (Colo. 2010).

¶16    When construing a statute, courts must give effect to the intent of the General Assembly.  State v. Nieto, 993 P.2d 493, 500 (Colo. 2000).  To discern legislative intent, a court looks first to the language of the statute.  People v. Dist. Court, 713 P.2d 918, 921 (Colo. 1986).  To reasonably effectuate the legislature's intent, a statute must be read and considered as a whole, and should be interpreted to give consistent, harmonious, and sensible effect to all its parts.  Id.; People v. Runningbear, 753 P.2d 764, 767 (Colo. 1988).  We presume that the legislature intends a just and reasonable result when it enacts a statute, and we avoid statutory interpretations that defeat legislative intent or

8

lead to absurd results.  Runningbear, 753 P.2d at 767; AviComm, Inc. v. Colo. Pub. Utils. Comm'n, 955 P.2d 1023, 1031 (Colo. 1998).  The rule of strict construction of penal statutes will not be used to defeat legislative intent.  Runningbear, 753 P.2d at 767.

## B. Colorado's Speedy Trial Statute

¶17    Colorado's speedy trial statute, section 18-1-405, is intended to implement a criminal defendant's constitutional right to a speedy trial and to prevent unnecessary prosecutorial and judicial delays in the prosecution of a criminal case.  Runningbear, 753 P.2d at 767.  Section 18-1-405 requires dismissal of pending charges if a defendant is not tried within the six-month speedy trial period and the delay does not qualify for one of the express exclusions from the speedy trial calculation set forth in the statute.[3] People v. Deason, 670 P.2d 792, 796 (Colo. 1983).

¶18    We have previously observed that an expeditious trial protects the interests of both the defendant and the public.  See People v. Roberts, 146 P.3d 589, 592 (Colo. 2006). It protects the interests of the defendant by preventing prejudice caused by long delays and minimizing the anxiety that results from public accusation.  People v. Sanchez, 649 P.2d 1049, 1052 (Colo. 1982).  Similarly, a speedy trial serves the interests of the general public by providing an expeditious determination of guilt "so that the innocent may be exonerated and the guilty punished."  Id. (quoting Jaramillo v. Dist. Court, 484 P.2d

---

[3] Rule 48 of the Colorado Rules of Criminal Procedure is virtually identical to the speedy trial statute and represents its procedural counterpart.  People v. Deason, 670 P.2d 792, 794 n.2 (Colo. 1983).  Although we construe the statute, our resolution of the speedy trial issues in this case would be the same if the analysis proceeded from the rule.  See id.

1219, 1221 (Colo. 1971)). However, the countervailing interest in ensuring effective enforcement of criminal laws must also be considered. Id.

¶19 To balance these countervailing interests, we must "avoid applying the speedy trial provisions in a 'wooden or mechanistic fashion.'" People v. Gallegos, 946 P.2d 946, 949 (Colo. 1997) (quoting Runningbear, 753 P.2d at 767). The statute "must be construed and applied . . . so that [the accused's] rights thereunder will be fully preserved and [the application will] not result in the miscarriage of justice." Henwood v. People, 143 P. 373, 376 (Colo. 1914). That said, it is "not the purpose of our [speedy trial statute] to enable the guilty to escape, but to prevent unnecessary delays on the part of the prosecution." Id.

¶20 With these general considerations in mind, we turn to the language of section 18-1-405.

¶21 Subsection (1) of the statute provides that if a defendant is not brought to trial within six months from the date of the entry of a not-guilty plea, the defendant must be released from custody and the pending charges must be dismissed with prejudice:

> (1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

§ 18-1-405(1).

10

¶22 Subsection (2) mandates that, where a defendant's convictions are reversed on appeal, the defendant's new trial must commence within six months after the trial court receives the mandate from the appellate court:

> (2) If trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court.

§ 18-1-405(2).

¶23 Subsection (6) identifies certain periods of time that are excluded from the six-month speedy trial period:

> (6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:
>
> (a) Any period during which the defendant is incompetent to stand trial, or is unable to appear by reason of illness or physical disability, or is under observation or examination at any time after the issue of the defendant's mental condition, insanity, incompetency, or impaired mental condition is raised;
>
> (b) The period of delay caused by an interlocutory appeal whether commenced by the defendant or by the prosecution;
>
> (c) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance;
>
> (d) The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial;
>
> (e) The period of delay caused by any mistrial, not to exceed three months for each mistrial;
>
> (f) The period of any delay caused at the instance of the defendant;

11

(g) The period of delay not exceeding six months resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant, if:

(I) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date; or

(II) The continuance is granted to allow the prosecuting attorney additional time in felony cases to prepare the state's case and additional time is justified because of exceptional circumstances of the case and the court enters specific findings with respect to the justification;

(h) The period of delay between the new date set for trial following the expiration of the time periods excluded by paragraphs (a), (b), (c), (d), and (f) of this subsection (6), not to exceed three months;

(i) The period of delay between the filing of a motion pursuant to section 18-1-202(11) and any decision by the court regarding such motion, and if such decision by the court transfers the case to another county, the period of delay until the first appearance of all the parties in a court of appropriate jurisdiction in the county to which the case has been transferred, and in such event the provisions of subsection (7) of this section shall apply.

§ 18-1-405(6). Notably, subsection (6) states that its exclusions apply "[i]n computing the time within which a defendant shall be brought to trial <u>as provided in subsection (1)</u>." <u>Id.</u> (emphasis added).

¶24 Mosley argues that, because this language in subsection (6) refers only to subsection (1), the exclusions do not apply to the speedy trial calculation for a new trial following the reversal of a defendant's convictions on appeal, as provided in subsection (2). Although Mosley's argument rests on the plain language of subsection (6), he reads

the subsections of the speedy trial statute, and particularly subsection (2), in isolation. However, we must read and consider the speedy trial statute as a whole, and interpret its provisions to give consistent, harmonious, and sensible effect to all its parts. Runningbear, 753 P.2d at 767; People v. Dist. Court, 713 P.2d at 921. Further, we must avoid statutory interpretations that defeat legislative intent or lead to absurd results. Runningbear, 753 P.2d at 767.

¶25   Mosley's approach, which reads subsection (2) in isolation from the remainder of the statute, necessarily assumes that subsection (2) establishes an independent and distinct speedy trial right in the context of a retrial after a defendant's conviction has been reversed on appeal. We disagree with this premise because it fails to consider subsection (2) in the context of the statute as a whole, and because it leads to a host of illogical and absurd results. See People v. Powell, 917 P.2d 298, 299 (Colo. App. 1995) (concluding that "after a reversal and remand for a new trial . . . an absolute rule requiring trial within six months without any exceptions or tolling under any circumstances would lead to absurd results").

¶26   First, if subsection (2) creates a freestanding six-month speedy trial right on retrial, as Mosley's argument presumes, the provision establishes no remedy for violation of that right—a result the legislature could not have intended. Moreover, if read in isolation to create a freestanding right, subsection (2) conceives of no exceptions whatsoever to the six-month speedy retrial period, regardless of the reason for delay. That would mean the defendant's purported freestanding right under subsection (2) is violated whenever the retrial is not held within six months—even when a defendant is

13

incompetent to proceed, is sick or physically unable to stand trial, or is voluntarily absent or unavailable; as well as when an interlocutory appeal (including an appeal filed by the defendant) takes longer than six months to resolve. Yet the remainder of the statute makes clear that a defendant cannot trigger a violation of his speedy trial right through his own actions, and that a violation cannot arise through circumstances beyond the control of the prosecution or the court. See § 18-1-405(3), (3.5), (4), (6), (7).

¶27 The legislature surely could not have intended such consequences in the context of a retrial. Although Mosley suggests that a defendant can waive his right under subsection (2), he also insists that a violation of subsection (2) must result in dismissal of the charges—yet neither proposition finds any textual basis in subsection (2) or the statute's procedural counterpart, Crim. P. 48(b)(2). In short, Mosley's interpretation of the speedy trial statute is untenable and leads to absurd results.

¶28 Instead, reading the provisions of the statute as a whole, we conclude that subsection (1) establishes the basic right to a speedy trial. That is, the first part of subsection (1) establishes the right to be brought to trial within six months of a triggering event, specifically, the entry of a plea of not guilty: "if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment <u>within six months from the date of the entry of a plea of not guilty</u>." § 18-1-405(1) (emphasis added). The second part of subsection (1), in turn, establishes the remedy for violation of that basic speedy trial right, specifically, release from custody and dismissal of the pending charges with prejudice: "he shall be discharged from custody . . ., and the defendant shall not again be indicted, informed against, or committed for the same

14

offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode." Id. Finally, subsection (1) contemplates clarifications of the basic right in other subsections of the statute: "[e]xcept as otherwise provided in this section." Id.

¶29 As subsection (1) establishes the criminal defendant's basic statutory right to a speedy trial and the remedy for violation of that right, the other subsections of the statute, in turn, implement or clarify that basic right. For example, subsections (3), (3.5), (4), (5.1), and (7) describe various circumstances under which the trial court shall extend the period within which trial shall be had, where a trial date has been fixed or offered. See § 18-1-405(3) (allowing a six-month extension of the speedy trial period if the trial court grants the defendant's request for a continuance), (3.5) (allowing a six-month extension of the speedy trial period if the defendant fails to appear on the scheduled trial date), (4) (allowing an extension of the speedy trial period if the prosecution requests a continuance and the defendant expressly agrees), (5.1) (allowing an extension of the speedy trial period if a defendant who is represented by counsel fails to object to a trial date offered beyond the speedy trial deadline), (7) (allowing a three-month extension of the speedy trial period if the case is transferred to a court in another county). Subsection (5) clarifies that to be entitled to the remedy of dismissal established in subsection (1), a defendant must move for dismissal before his trial begins and before any pretrial motions set for hearing immediately prior to trial, or before entering a plea of guilty to the charge or an included offense; failure to do so waives the defendant's rights under the statute. See § 18-1-405(5). Finally, subsection

(6) provides a series of commonsense bases for tolling the six-month speedy trial clock, including delay caused by the defendant and circumstances beyond the control of one or both parties or the trial court. See § 18-1-405(6)(a)–(i).

¶30 Given the overall structure of the statute, including the ways in which subsections (3) through (7) plainly implement or clarify the basic right in subsection (1), we conclude that subsection (2) does not establish an independent and distinct speedy trial right unique to cases on retrial, but rather, like the other subsections of the statute, subsection (2) clarifies the basic six-month speedy trial right established in subsection (1). Specifically, subsection (2) identifies the event that triggers the six-month speedy trial clock in the context of a new trial following reversal of a defendant's conviction on appeal: "the receipt by the trial court of the mandate from the appellate court." § 18-1-405(2). Subsection (2) does not otherwise alter the basic right established in subsection (1) or the remedy for its violation. This construction of subsection (2), read in the context of the statute as a whole, gives consistent, harmonious, and sensible effect to all the statute's provisions by viewing subsections (2) through (7) to either implement or clarify the basic right and remedy established in subsection (1).

¶31 Because the basic right to a speedy trial is established in subsection (1), the exclusions from the speedy trial calculation set forth in subsection (6) logically refer to the basic right "as provided in subsection (1)." § 18-1-405(6). And because a defendant's basic right to a speedy trial—even on retrial—derives from subsection (1), the exclusions from that six-month speedy trial calculation apply to a new trial following reversal of a conviction on appeal.

16

¶32 This construction is consistent with this court's longstanding view of the statute. Indeed, in People v. Jamerson, we expressly relied on subsection (6)(f) and the corresponding language of Crim. P. 48(b) to exclude a period of delay "caused at the instance of the defendant" to toll the statutory speedy trial period for a defendant whose six-month speedy trial deadline was set pursuant to subsection (2) following reversal of his convictions.[4] 596 P.2d 764, 765–77 (Colo. 1979) (citing § 18-1-405(6)(f), C.R.S. (1973, 1978 Repl. Vol. 8); Crim. P. 48(b)). Although in that case we did not address the subsection (2) argument raised here, and although subsection (2) at that time contained a different triggering event ("the final decision on appeal"), the overall structure of the speedy trial statute and its various subsections were the same then as they are today. In particular, subsection (6) of the statute contained the same reference to subsection (1) as the statute currently in effect. See § 18-1-405(6), C.R.S. (1973, 1978 Repl. Vol. 8) (stating that the exclusions of subsection (6) apply "[i]n computing the time within which a defendant shall be brought to trial as provided in subsection (1)"). Our express reliance nearly forty years ago in Jamerson on one of the subsection (6) exclusions to toll the speedy trial calculation for a new trial reflects our understanding, even then, that the basic right to a speedy trial derives from subsection (1) of the statute, and that the exclusions from that six-month calculation also apply in the context of a new trial following reversal of a defendant's conviction. 596 P.2d at 767.

---

[4] Although Jamerson's convictions were reversed by the trial court's order for a new trial, we have held that such a reversal, like a reversal on appeal, triggers the deadline for a new trial under subsection (2). People v. Jamerson, 580 P.2d 805, 807 (Colo. 1978).

17

¶33    Finally, we note that Mosley's own pretrial actions likewise reflect this understanding.  Indeed, he waived his initial six-month retrial deadline on October 29, 2007, when he agreed to a roughly six-week extension of that deadline.  Moreover, he initially objected to the prosecution's request for a continuance on grounds that the prosecution failed to exercise due diligence under subsection (6)(g)(I) to locate the complaining witness; he did not contend (at that time) that the exclusions under subsection (6) did not apply at all to his six-month speedy trial calculation.  Thus, Mosley apparently understood the statute to mean—as we now conclude—that the exclusions of subsection (6) apply both to a defendant's initial trial and to any new trial following reversal of the defendant's conviction on appeal.

¶34    In sum, construing the speedy trial statute as a whole to give consistent, harmonious, and sensible effect to all its parts, we conclude that subsection (1) of the statute establishes the basic right to a speedy trial, along with the remedy of dismissal for violation of that right, and that subsection (2) clarifies the basic six-month speedy trial right in subsection (1) by identifying the trial court's receipt of the mandate as the event that triggers the six-month clock for a new trial following reversal of a defendant's conviction on appeal.  Because a defendant's basic right to a speedy trial—even on retrial—derives from subsection (1), the exclusions from the six-month speedy trial calculation set forth in subsection (6) likewise apply to a new trial following reversal of a conviction on appeal.

## C. Due Diligence

¶35   Because we conclude that the exclusions in subsection (6) apply to the speedy trial calculation for a new trial following reversal of a defendant's conviction on appeal, we must now determine whether the trial court properly granted the prosecution's requested continuance under subsection (6)(g)(I), and specifically, whether it abused its discretion in finding that the prosecution acted with due diligence in attempting to locate the complaining witness.

¶36   Subsection (6)(g)(I) permits a continuance requested by the prosecution to be excluded from the speedy trial calculation if (1) it is granted because of the unavailability of material evidence; (2) the prosecution has exercised due diligence in attempting to obtain the evidence; and (3) there are reasonable grounds to believe that this evidence will be available at the later date. § 18-1-405(6)(g)(I).

¶37   At a hearing on the continuance on March 31, 2008, eight days before trial was set to commence, the prosecution explained to the trial court that it had been unable to locate the complaining witness. The prosecution stated that the witness's family was resistant to the prosecution's efforts to locate her and that the witness had married and changed her name, making it difficult to locate her directly. The prosecution stated that, about a week before the hearing, it learned from the witness's grandfather that the witness was living in California. The prosecution contacted the district attorney's office in the California county where the witness was located, and the California prosecutors explained that the process for service and rendition of an out-of-state witness would

19

take six to eight weeks. The prosecution therefore requested a continuance under subsection (6)(g)(I) in order to obtain the presence of the complaining witness.

¶38 The trial court found that the prosecution exercised due diligence in attempting to find the complaining witness and therefore granted the continuance. The court of appeals affirmed, noting that the trial court made specific findings supported by the record that the People had exercised due diligence to find the witness. Mosley, slip op. at 18.

¶39 As the court of appeals correctly observed, whether the criteria of subsection (6)(g)(I) are met "is a determination committed to the sound discretion of the trial court." People v. Scialabba, 55 P.3d 207, 209 (Colo. App. 2002); see People v. Mann, 646 P.2d 352, 358 (Colo. 1982). Like the court of appeals, we are unable to conclude that the trial court abused its discretion in deciding that the prosecution exercised due diligence under the circumstances of this case. Accordingly, we conclude that the trial court properly granted the continuance and did not violate Mosley's right to a speedy trial.

### III. Conclusion

¶40 We conclude that subsection (1) of Colorado's speedy trial statute, section 18-1-405, establishes the basic right to a speedy trial, along with the remedy of dismissal for violation of that right. We further conclude that subsection (2) of that statute implements the speedy trial right in subsection (1) by identifying the trial court's receipt of the mandate as the event that triggers the six-month clock for a new trial following reversal of a defendant's conviction on appeal. Because a defendant's basic right to a speedy trial—even on retrial—derives from subsection (1), we hold that the exclusions

20

from the six-month speedy trial calculation set forth in subsection (6) likewise apply to a new trial following reversal of a conviction on appeal. We further conclude that the trial court did not abuse its discretion in concluding that the prosecution acted with due diligence in attempting to obtain the presence of the complaining witness, and thus, the trial court properly granted the prosecution's request for a continuance under section 18-1-405(6)(g)(I). We therefore affirm the judgment of the court of appeals.