Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
April 10, 2017

**2017 CO 21**

**No. 13SC961, <u>Delacruz v. People</u>—Criminal Trials—Speedy Trial—Continuances.**

The supreme court reviews the court of appeals' construction of Colorado's speedy trial statute, section 18-1-405, C.R.S. (2016). Following <u>Mosley v. People</u>, 2017 CO 20, ___ P.3d ___, the supreme court rejects Delacruz's contention that the exclusions of time listed in subsection (6) of the statute apply only to the speedy trial calculation for an initial trial, and not for a new trial following reversal of a conviction on appeal. The supreme court concludes that subsection (1) of the statute establishes the basic right to a speedy trial, and that subsection (2) clarifies that right by identifying the trial court's receipt of the mandate as the event that triggers the six-month speedy trial period for a new trial following reversal of a conviction on appeal. Because a defendant's speedy trial right—whether in an initial trial or on retrial—derives from subsection (1), the exclusions of time listed in subsection (6) apply to both an initial trial and a new trial following reversal of a conviction on appeal.

The supreme court further rejects Delacruz's contention that the trial court erred in granting a continuance and extending the speedy trial deadline in this case. The supreme court therefore affirms the judgment of the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 21

**Supreme Court Case No. 13SC961**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 10CA2364

### Petitioner:

Gerardo Joel Delacruz,

v.

### Respondent:

The People of the State of Colorado.

### Judgment Affirmed
*en banc*
April 10, 2017

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Alan Kratz, Deputy Public Defender
  *Denver, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
Majid Yazdi, Assistant Attorney General
  *Denver, Colorado*

**JUSTICE MÁRQUEZ** delivered the Opinion of the Court.

¶1     Like <u>Mosley v. People</u>, 2017 CO 20, ___ P.3d ___, a companion decision issued today, this case requires us to examine the interplay between various subsections of Colorado's speedy trial statute, section 18-1-405, C.R.S. (2016), and specifically, whether the exclusions listed in subsection (6) of the statute apply to the six-month speedy trial calculation for a new trial following reversal of a defendant's convictions on appeal.[1] Gerardo Delacruz was convicted of first degree murder, attempted first degree murder, first degree assault, and prohibited use of a weapon arising from an altercation that took place at a bar in Denver. Like the defendant in <u>Mosley</u>, Delacruz's convictions were reversed on appeal and, pursuant to section 18-1-405(2), the deadline for his second trial was set for six months from the date the trial court received the court of appeals' mandate.

¶2     Four days before trial, and just fourteen days before the speedy trial deadline was set to expire, the prosecution learned of a potential conflict of interest involving Delacruz's defense counsel. The prosecution notified the court, which held a hearing on the matter the following day. The trial court concluded that a continuance was necessary for an independent investigation that would allow Delacruz to make an informed decision with respect to the potential conflict. The trial court also concluded

---

[1] We granted certiorari to review the following issues:

1. Whether the exclusions contained in section 18-1-405(6), C.R.S. (2016), apply to speedy trial calculations following reversal of a defendant's conviction under section 18-1-405(2), C.R.S.
2. Whether, if the exclusions in section 18-1-405(6) apply to the speedy trial period following reversal of a conviction, the trial court erred in finding that they authorized extension of the period in this case.

that the prosecution was entitled to a continuance under subsection (6)(g)(I) and (II) of the speedy trial statute to allow the prosecution additional time to secure the presence of the witness who brought this potential conflict to the prosecution's attention. Delacruz objected to the continuance as a speedy trial violation and moved to dismiss his charges on the same grounds at a later hearing. The court of appeals concluded that the trial court did not abuse its discretion in continuing the speedy trial deadline.

¶3 Delacruz now petitions this court for relief, arguing, as did the defendant in Mosley, that because subsection (6) states that its exclusions apply "[i]n computing the time within which a defendant shall be brought to trial as provided in subsection (1) of [the speedy trial statute]," § 18-1-405(6) (emphasis added), these exclusions do not apply to the speedy trial calculation for a new trial following reversal of a defendant's convictions on appeal. Thus, Delacruz argues, the trial court erred in granting a continuance under subsection (6) to extend Delacruz's speedy trial deadline for his new trial. Delacruz further contends that the trial court erred in concluding that the potential conflict constituted an exceptional circumstance under subsection (6)(g)(II) justifying a continuance for further investigation because Delacruz could have waived his right to conflict-free counsel at the hearing without an investigation. Finally, Delacruz argues the trial court erred in finding that the prosecution was entitled to a continuance under subsection (6)(g)(I) because the witness was not "unavailable" nor was her testimony "material," as required for a continuance under subsection (6)(g)(I).

¶4 Construing the speedy trial statute as a whole to give consistent, harmonious, and sensible effect to all its parts, we held in Mosley that the exclusions in subsection (6)

3

of the statute apply to the speedy trial calculation for a new trial following the reversal of a defendant's conviction on appeal. Mosley, ¶ 34. Applying that decision here, we further hold that the trial court did not abuse its discretion in concluding that the late disclosure of the potential conflict constituted exceptional circumstances under subsection (6)(g)(II) of the statute justifying a continuance of the trial. We therefore affirm the judgment of the court of appeals.

## I. Facts and Procedural History

¶5 Gerardo Delacruz was convicted of first degree murder, attempted first degree murder, first degree assault, and prohibited use of a weapon following an early morning bar fight. On direct appeal, a division of the court of appeals reversed Delacruz's convictions and remanded the case for a new trial, concluding that the trial court abused its discretion in failing to dismiss several jurors for cause. People v. Delacruz, No. 07CA1646 (Colo. App. Mar. 19, 2009) (not published pursuant to C.A.R. 35(f)). Under section 18-1-405(2) of the speedy trial statute, the trial court's receipt of the mandate on November 27, 2009, triggered a six-month speedy trial deadline of May 27, 2010. Trial was set for May 17, 2010.

¶6 Four days before trial, on May 13, 2010, the prosecution submitted a notice to the court requesting a hearing regarding a potential conflict of interest involving defense counsel. The prosecution learned of the potential conflict earlier that day during a phone interview with Delacruz's ex-girlfriend, Myra Sepulveda. In the notice, the prosecution stated that, after the case was remanded for a new trial, it had tried to find Sepulveda, believing her to be in Mexico, but had been unable to do so. The

4

prosecution explained that an investigator assigned to locate Sepulveda later informed the prosecutors that she was in El Paso, Texas. The prosecution then contacted Sepulveda to request that she appear for the trial. During this conversation, Sepulveda allegedly indicated that she had been contacted by defense counsel around the time of the first trial and that defense counsel told her that she "needed to say that she was with [Delacruz] and picked him up the night of the shooting." This contact, the prosecution implied, created a potential conflict of interest because defense counsel might have to testify at trial to rebut the statement.

¶7    At a hearing on May 14, 2010, three days before trial, defense counsel denied any potential conflict. Given that trial was imminent, the court determined that a continuance was necessary to appoint independent counsel to conduct an investigation into Sepulveda's allegations and to advise Delacruz regarding the possible conflict so that he could make an informed decision either to waive his right to conflict-free counsel or to have new counsel appointed. The court further concluded that the prosecution acted with due diligence in attempting to locate Sepulveda and obtain her presence for trial. Delacruz objected to any continuance.

¶8    The court concluded the prosecution had established good cause for a continuance of the trial date beyond the speedy trial deadline on two bases. First, the trial court reasoned that the continuance was warranted under section 18-1-405(6)(g)(I) because evidence material to the prosecution's case was unavailable, namely, the testimony of Sepulveda about her alleged conversation with defense counsel and the possible testimony of defense counsel to rebut Sepulveda's statement. The trial court

5

noted that it was "uncertain" whether the prosecution had exercised due diligence to obtain Sepulveda's testimony, given that it had recently located her in Texas, but concluded there were reasonable grounds to believe her testimony would be available at a later date through her voluntary appearance or the prosecution's efforts to secure her presence at trial. Second, the trial court ruled that the continuance was warranted under section 18-1-405(6)(g)(II) to allow the prosecution additional time to prepare its case in light of exceptional circumstances, citing Sepulveda's late disclosure of information to the prosecution and the need to investigate her claims. The court also reasoned that these exceptional circumstances required that Delacruz be afforded a reasonable opportunity to confer with independent counsel regarding the possible conflict. The court therefore granted the continuance, extended the speedy trial deadline by six months, and rescheduled the trial for September 27, 2010.

¶9 The court held another hearing on June 4, 2010, after independent counsel conducted an investigation regarding the possible conflict. Independent counsel explained to the court that Sepulveda now denied that there was any improper communication between her and defense counsel. After discussing the matter with independent counsel, Delacruz decided to waive any potential conflict and to proceed to trial with his defense attorney. Delacruz thereafter moved to dismiss the charges, arguing that the continuance was unwarranted and that, therefore, his speedy trial right had been violated. The trial court denied the motion at a hearing on August 27, 2010. Following his second trial, a jury again convicted Delacruz of first degree murder, attempted first degree murder, first degree assault, and prohibited use of a weapon.

6

¶10 On appeal, Delacruz argued for the first time that the exclusions to the six-month deadline listed in section 18-1-405(6) do not apply to the speedy trial calculation for a new trial following reversal of a defendant's convictions on appeal. Specifically, he argued that, because subsection (6) states that its exclusions apply "[i]n computing the time within which a defendant shall be brought to trial as provided in subsection (1)," § 18-1-405(6), the plain language of subsection (6) indicates that its exclusions apply only to subsection (1), and not to subsection (2). The court of appeals rejected this argument, instead agreeing with the division in People v. Mosley, ___ P.3d ___ (Colo. App. No. 08CA1565, Nov. 23, 2011), which concluded that to interpret the exclusions in subsection (6) not to apply to a retrial would lead to absurd results and fail to effectuate the legislature's intent. People v. Delacruz, No. 10CA2364, slip op. at 7–11 (Colo. App. Oct. 31, 2013) (not published pursuant to C.A.R. 35(f)) (citing Mosley, ___ P.3d ___, No. 08CA1565). The court of appeals also rejected Delacruz's alternative argument that even if the exclusions in subsection (6) do apply, the trial court nevertheless erred in granting a continuance under subsection (6) in this case. Id. at 11–17. The court of appeals reasoned that the investigation into a possible conflict with defense counsel was arguably necessary to allow Delacruz to make a voluntary, knowing, and intelligent waiver of his rights because the parties lacked thorough and detailed information about defense counsel's alleged conflict at the time of the pretrial hearing. Id. at 12–15. The court also concluded that the trial court did not abuse its discretion in finding that Sepulveda was a material witness and was unavailable for purposes of subsection (6)(g)(I). Id. at 15–17.

## II. Analysis

¶11 We begin with a discussion of section 18-1-405 and our opinion, also announced today, in <u>Mosley v. People</u>, 2017 CO 20, ___ P.3d ___, holding that subsection (6)'s exclusions apply to the speedy trial calculation for a new trial following reversal of a defendant's convictions on appeal. We then conclude that the trial court did not abuse its discretion in concluding that the late disclosure of the potential conflict in this case constituted exceptional circumstances warranting a continuance under subsection (6)(g)(II). The trial court therefore properly granted the continuance and did not violate Delacruz's statutory speedy trial right. Accordingly, we affirm the judgment of the court of appeals.

### A. Colorado's Speedy Trial Statute

¶12 Colorado's speedy trial statute, section 18-1-405, is intended to implement a criminal defendant's constitutional right to a speedy trial and to prevent unnecessary prosecutorial and judicial delays in the prosecution of a criminal case. <u>People v. Runningbear</u>, 753 P.2d 764, 767 (Colo. 1988). Section 18-1-405 requires dismissal of pending charges if a defendant is not tried within the six-month speedy trial period and the delay does not qualify for one of the express exclusions from the speedy trial calculation set forth in the statute.[2] <u>People v. Deason</u>, 670 P.2d 792, 796 (Colo. 1983).

---

[2] Rule 48 of the Colorado Rules of Criminal Procedure is virtually identical to the speedy trial statute and represents its procedural counterpart. <u>People v. Deason</u>, 670 P.2d 792, 794 n.2 (Colo. 1983). Although we construe the statute, our resolution of the speedy trial issues in this case would be the same if the analysis proceeded from the rule. <u>See</u> <u>id.</u>

¶13    Subsection (1) of the statute provides that if a defendant is not brought to trial within six months from the date of the entry of a not-guilty plea, the defendant must be released from custody and the pending charges must be dismissed with prejudice:

> (1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

§ 18-1-405(1).

¶14    Subsection (2) mandates that, where a defendant's convictions are reversed on appeal, the defendant's new trial must commence within six months after the trial court receives the mandate from the appellate court:

> (2) If trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court.

§ 18-1-405(2).

¶15    Subsection (6) identifies certain periods of time that are excluded from the six-month speedy trial period:

> (6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

> (a) Any period during which the defendant is incompetent to stand trial, or is unable to appear by reason of illness or physical disability, or is under observation or examination at any time after the issue of the defendant's mental condition, insanity, incompetency, or impaired mental condition is raised;

9

(b) The period of delay caused by an interlocutory appeal whether commenced by the defendant or by the prosecution;

(c) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance;

(d) The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial;

(e) The period of delay caused by any mistrial, not to exceed three months for each mistrial;

(f) The period of any delay caused at the instance of the defendant;

(g) The period of delay not exceeding six months resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant, if:

(I) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date; or

(II) The continuance is granted to allow the prosecuting attorney additional time in felony cases to prepare the state's case and additional time is justified because of exceptional circumstances of the case and the court enters specific findings with respect to the justification;

(h) The period of delay between the new date set for trial following the expiration of the time periods excluded by paragraphs (a), (b), (c), (d), and (f) of this subsection (6), not to exceed three months;

(i) The period of delay between the filing of a motion pursuant to section 18-1-202(11) and any decision by the court regarding such motion, and if such decision by the court transfers the case to another county, the period of delay until the first appearance of all the parties in a court of

10

> appropriate jurisdiction in the county to which the case has been transferred, and in such event the provisions of subsection (7) of this section shall apply.

§ 18-1-405(6). Notably, subsection (6) states that its exclusions apply "[i]n computing the time within which a defendant shall be brought to trial <u>as provided in subsection (1)</u>." <u>Id.</u> (emphasis added).

¶16    Delacruz argues that, because this language in subsection (6) refers only to subsection (1), the exclusions do not apply to the speedy trial calculation for a new trial following the reversal of a defendant's convictions on appeal, as provided in subsection (2). We rejected this contention in our decision today in <u>Mosley v. People</u>. 2017 CO 20, ¶¶ 24–34, ___ P.3d ___. Construing the statute as a whole, we explained that subsection (1) of the statute establishes the basic right to a speedy trial, as well as the remedy of dismissal for violation of that right. <u>Id.</u> at ¶ 28. We concluded that subsection (2) does not create an independent and distinct speedy trial right for cases on retrial; rather, subsection (2) implements the basic speedy trial right for cases on retrial by identifying the triggering event (the trial court's receipt of the mandate) that starts the six-month clock for a new trial. <u>Id.</u> at ¶¶ 29–31.

¶17    We further explained that because subsection (1) establishes the basic right to a speedy trial, the exclusions of time from the speedy trial calculation in subsection (6) logically refer to the basic right in subsection (1). <u>Id.</u> at ¶ 31. Because a defendant's speedy trial right, even on retrial, derives from the basic right of subsection (1), we concluded that the exclusions from that six-month speedy trial calculation apply to a new trial following reversal of a conviction on appeal. <u>Id.</u> Such a construction of the

statute, we explained, is consistent with both the legislative intent behind the speedy trial statute and the way in which we have historically interpreted and applied the statute. Id. at ¶ 32 (citing People v. Jamerson, 596 P.2d 764 (Colo. 1979)).

¶18 Having so held, we now consider whether, under the facts of this case, the trial court abused its discretion in granting a continuance under subsection (6) of the statute.

## B. Permissible Bases for Continuance

¶19 Delacruz argues that even if the exclusions in section 18-1-405(6) apply to the speedy trial calculation of his new trial, any continuance was unwarranted for two reasons. First, he contends he could have made a valid waiver of his right to conflict-free counsel without an investigation into a possible conflict. Therefore, he argues, the court abused its discretion by extending the speedy trial deadline in order to conduct such an investigation under subsection (6)(g)(II). Second, Delacruz maintains that the prosecution did not provide adequate evidence that Sepulveda was "unavailable" for trial or that her testimony was "material" as required under subsection (6)(g)(I). Because we conclude that the trial court did not abuse its discretion in granting a continuance for exceptional circumstances under subsection (6)(g)(II), we need not address Delacruz's contentions regarding subsection (6)(g)(I).

¶20 We review a trial court's grant of a continuance under subsection (6) of the speedy trial statute for an abuse of discretion. See People v. Mann, 646 P.2d 352, 358 (Colo. 1982). Subsection (6)(g)(II) excludes from the speedy trial calculation the period of delay caused by a continuance granted "to allow the prosecuting attorney additional time in felony cases to prepare the state's case and additional time is justified because of

12

exceptional circumstances of the case and the court enters specific findings with respect to the justification." § 18-1-405(6)(g)(II).

¶21 We conclude that the trial court did not abuse its discretion in finding that exceptional circumstances justified the continuance in this case. The prosecution first contacted Sepulveda, a material witness, to request that she appear at trial to testify and rebut portions of Delacruz's version of the events that transpired. The prosecution learned of defense counsel's potential conflict during this contact with Sepulveda. Once a potential conflict of interest became reasonably apparent, the prosecution had an ethical obligation to investigate the allegations and advise the court of the potential conflict. See People v. Harlan, 54 P.3d 871, 881 (Colo. 2002).

¶22 The prosecution learned of the potential conflict, and filed a motion bringing the potential conflict to the court's attention, on May 13, 2010, four days before trial, and just fourteen days before the expiration of the speedy trial deadline. A hearing was held the following afternoon, Friday, May 14, 2010, with the trial scheduled to begin on Monday, May 17, 2010. Given the unexpected late disclosure of this potential conflict, the importance of a defendant's constitutional right to conflict-free counsel, and the immediacy of trial, the trial court concluded that exceptional circumstances justified a continuance of the trial.

¶23 Delacruz argues that these exceptional circumstances could have been nullified had he been allowed simply to waive his Sixth Amendment right to conflict-free counsel at the hearing. However, to waive the constitutional protection of conflict-free counsel, a defendant must be fully advised of any potential conflict in order to

13

knowingly and intelligently relinquish his right to conflict-free representation. <u>People v. Martinez</u>, 869 P.2d 519, 525 (Colo. 1994). Given that this potential conflict came to light on the eve of trial, the parties lacked thorough and detailed information about defense counsel's alleged conflict at the time of the hearing. We conclude that, under these facts, the trial court did not abuse its discretion in concluding that exceptional circumstances justified continuing the trial to allow the prosecution additional time to prepare its case.

¶24 Finally, we note that, "[i]n addition to the exceptions and exclusions that are specifically addressed by the speedy trial statute, there may be circumstances where a reasonable delay is necessary to protect other fundamental constitutional rights of the defendant." <u>People ex rel. Gallagher v. Dist. Court</u>, 933 P.2d 583, 588 (Colo. 1997). In such circumstances, "the statutory speedy trial right must yield to protection of a defendant's constitutional rights." <u>Id.</u> Key among these rights is a defendant's right to conflict-free counsel, a fundamental right guaranteed by the Sixth Amendment. <u>Id.</u> We therefore conclude that the trial court did not abuse its discretion in determining that the circumstances of this case warranted a continuance of Delacruz's trial beyond the speedy trial deadline to protect his fundamental constitutional right to conflict-free counsel.

### III. Conclusion

¶25 Following our companion decision issued today in <u>Mosley v. People</u>, 2017 CO 20, ___ P.3d ___, we hold that the exclusions in subsection (6) of the speedy trial statute apply to the speedy trial calculation of a new trial following the reversal of a

defendant's conviction on appeal.  We further hold that the trial court did not abuse its discretion in concluding that the late disclosure of the potential conflict constituted exceptional circumstances under subsection (6)(g)(II) of the statute justifying a continuance of the trial.  Accordingly, we affirm the judgment of the court of appeals.