23CA1861 Peo in Int of SMH 08-22-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1861 Mesa County District Court No. 16JD5012 Honorable Matthew D. Barrett, Judge The People of the State of Colorado, Petitioner-Appellee, In the Interest of S.M.H., Juvenile-Appellant. ORDER AFFIRMED Division IV Opinion by JUDGE JOHNSON Graham* and Hawthorne*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 22, 2024 Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee Megan A. Ring, Colorado State Public Defender, Kara L. Smith, Deputy State Public Defender, Grand Junction, Colorado, for Juvenile-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023.
1 ¶ 1 S.M.H. appeals the district court’s order denying her motion to expunge records related to one of her misdemeanor adjudications that occurred while she was a juvenile. We affirm but on different grounds than those relied on by the district court. See People v. Dyer, 2019 COA 161, ¶ 39 (“[A]n appellate court may affirm a lower court’s decision on any ground supported by the record, whether relied upon or even considered by the trial court.”). I. Background ¶ 2 S.M.H. has several juvenile adjudications that are relevant to the resolution of this appeal. These cases were ultimately resolved through a global disposition. A. Mesa County Case No. 16JD5012 ¶ 3 In June 2016, S.M.H. was charged with one count of assault in the third degree and one count of criminal attempt to commit assault in the third degree. In October 2016, to resolve three cases — Mesa County Case Nos. 16JD5012, 16JD54, and 16JD32 — S.M.H. pled guilty to one count of third degree assault from Case No. 16JD5012 and one count of second degree assault from Case No. 16JD32. In December 2016, the court sentenced her to 
2 eighteen months of probation. In February 2017, the court revoked probation and reinstated a new probation term of eighteen months. B. Mesa County Case No. 17JD32 ¶ 4 In March 2017, police were dispatched to Hilltop Youth Services after S.M.H. threw a glass plate at another individual. Subsequently, the prosecution filed a petition in delinquency charging S.M.H. with one count of assault in the second degree and one count as a violent juvenile offender. C. Mesa County Case No. 17JD77 ¶ 5 Originally, Mesa County Case No. 17JD77 was filed as Pueblo County Case No. 15JD260. In November 2016, S.M.H. pled guilty to one count of third degree assault in Pueblo County Case No. 15JD260 in exchange for dismissal of Pueblo County Case Nos. 15JD264 and 16JD11. The court sentenced S.M.H. to twelve months of supervised probation. In March 2017, venue for this 
3 case was transferred to Mesa County, and the case was henceforth identified as Case No. 17JD77.
1 D. Global Disposition ¶ 6 In August 2017, S.M.H. entered into a global disposition that was filed in Mesa County Case No. 16JD5012. The disposition resolved Mesa County Case Nos. 16JD32, 16JD5012, 17JD32, and 17JD77. S.M.H. pled guilty to • second degree assault from Mesa County Case No. 17JD32; • second degree murder from Mesa County Case No. 17JD32; and • probation violations from Mesa County Case Nos. 16JD32, 16JD5012 and 17JD77. She also agreed to crime of violence and aggravated juvenile offender sentence enhancers, which adjudicated her as a repeat, mandatory, and aggravated juvenile offender. 1 We take judicial notice of the record in the related appeal in this court, Case No. 23CA1871, regarding S.M.H.’s record expungement request in Mesa County Case No. 17JD77. See People v. Sa’ra, 117 P.3d 51, 56 (Colo. App. 2004) (“A court may take judicial notice of the contents of court records in a related proceeding.”). 
4 ¶ 7 Based on the plea agreement’s terms specific to Mesa County Case No. 17JD32, S.M.H. agreed to be (1) sentenced to five years for the second degree assault offense and five years for the second degree murder offense, with the sentences to run consecutively for a total of ten years; (2) held in the custody of the Division of Youth Services (Division); and (3) sentenced to two years in the custody of the Division for Mesa County Case Nos. 16JD32 and 17JD77 and Mesa County Case No. 16JD5012, all to run concurrently with the sentences in Mesa County Case No. 17JD32. E. Expungement Request ¶ 8 On June 9, 2023, the Division filed an expungement report and discharge memo stating that it could no longer retain custody of S.M.H. as she had turned eighteen years old, and she had been transferred to the custody of the Department of Corrections (DOC) to complete her ten-year sentence in Mesa County Case No. 17JD32. Three days later, the district court announced that it would not take action on the expungement report because S.M.H. continued to serve a sentence. ¶ 9 In September 2023, S.M.H. filed a motion to expunge her third degree assault conviction in Case No. 16JD5012. The prosecution 
5 objected on the grounds that, because S.M.H. is a mandatory sentence offender, she needed to wait until thirty-six months after discharge of her sentence to petition for expungement.
2 The court agreed with the prosecution and denied the motion. ¶ 10 S.M.H. appeals the district court’s order denying her relief. II. Standard of Review ¶ 11 S.M.H.’s contention requires us to interpret section 19-1-306, C.R.S. 2023, which deals with expunging juvenile delinquent records. Statutory interpretation is a question of law that we review de novo. People v. Weeks, 2021 CO 75, ¶ 24. ¶ 12 Our goal in interpreting a statute is to ascertain and give effect to the General Assembly’s intent. People v. Vidauri, 2021 CO 25, ¶ 11. To do so, we look first to the statute’s language. Mosley v. People, 2017 CO 20, ¶ 16. But we do not consider the statute’s words or phrases in isolation. Rather, we consider the relevant statutory text as a whole, interpreting it in a way that gives 2 A mandatory sentence offender, as relevant to this appeal, is a juvenile who “[h]as been adjudicated a juvenile delinquent twice.” § 19-2.5-1125(1)(a), C.R.S. 2023. At the time of S.M.H.’s guilty pleas, section 19-2.5-1125(1)(a) was codified at section 19-2-
516(1)(a)(I), C.R.S. 2017. There are no substantive changes in the statutory provisions. 
6 consistent, harmonious, and sensible effect to all its parts. Id. If, after doing all this, we conclude that the “statute is clear and unambiguous, we give effect to its plain meaning and look no further.” Cowen v. People, 2018 CO 96, ¶ 12; see § 2-4-203, C.R.S. 2023. III. Analysis ¶ 13 S.M.H. contends that the district court erred by denying her motion to expunge her misdemeanor assault conviction in Mesa County Case No. 16JD5012 because (1) the prosecutor and victim failed to file an objection within thirty-five days of the Division submitting its expungement report, as required by section 19-1-
306(5)(d); and (2) she was not adjudicated an aggravated, violent, or repeat offender in the case in which she seeks to expunge records. As her arguments are interrelated, we address them together. ¶ 14 The statutory requirement that the prosecutor or victim timely file an objection to an expungement request, or else the district court must expunge the records, does not apply to S.M.H. Under the statute, at the end of the agency’s term supervising the juvenile, it shall “prepare a report and summary of supervision outlining the performance of the juvenile while under supervision.” § 19-1-
7 306(5)(c)(I). Because the Division no longer supervised S.M.H. and she was transferred to DOC, the Division filed the report with the court. ¶ 15 If neither the prosecutor nor victim files an objection within thirty-five days after the report is filed, “the court shall order all records in the juvenile delinquency case in the custody of the court, and any records related to the case and charges in the custody of any other agency, person, company, or organization, expunged.” § 19-1-306(5)(d). But S.M.H. reads this provision in isolation and ignores the rest of the statute. ¶ 16 The expungement statute has different procedures depending on the severity of a juvenile’s adjudications. Section 19-1-306(6)(e) delineates that a juvenile may not qualify for expungement under subsections (4) or (5), and that each subsection has different requirements. That same provision indicates that a juvenile might not be qualified for expungement at all if the juvenile falls under the provisions of subsection (8). ¶ 17 Section 19-1-306(8), states that, “[n]otwithstanding subsections (4), (5), and (6) of this section, a court shall not expunge the record of a person who is,” among other things, “[a]djudicated as 
8 an aggravated juvenile offender pursuant to section 19-2.5-1125(4)[, C.R.S. 2023,] or as a violent juvenile offender pursuant to section 19-2.5-1125(3),” or has committed “homicide and related offenses pursuant to part 1 of article 3 of title 18.” § 19-1-306(8)(a)-(b) (emphasis added).
3 ¶ 18 Under section 19-2.5-1125(4), a juvenile offender is an aggravated juvenile offender if they are adjudicated a juvenile delinquent for a delinquent act “that constitutes a class 1 or class 2 felony.” § 19-2.5-1125(4)(a)(I). And under section 19-2.5-1125(3), a juvenile is a violent juvenile offender if they are adjudicated a juvenile delinquent for a delinquent act “that constitutes a crime of violence as defined in section 18-1.3-406(2)[, C.R.S. 2023].” § 19-
2.5-1125(3). Regarding part 1 of article 3 of title 18, as pertinent here, a person commits second degree murder if they “knowingly cause[] the death of a person.” § 18-3-103(1)(a), C.R.S. 2023. Because S.M.H. was adjudicated as an aggravated and violent offender and pled guilty to murder, subsection (8) is implicated. 3 At the time of S.M.H.’s guilty pleas, section 19-2.5-1125(3), (4), C.R.S. 2023, was contained in section 19-2-516(3), (4), C.R.S. 2017. There are no substantive changes in the statutory provisions. 
9 ¶ 19 Thus, the requirements set forth in subsection (5) do not apply to S.M.H. — meaning that the requirements that the prosecutor or victim timely file an objection to S.M.H.’s request or the court must expunge the records under section 19-1-306(5)(d) is irrelevant to S.M.H.’s request. See § 19-1-306(8)(a)-(b); Mosley, ¶ 16, Cowen, ¶ 12. ¶ 20 But S.M.H. argues that her expungement request falls under subsection (5), which ostensibly means that subsection (8) does not apply. This is because, she continues, she was not adjudicated a violent or aggravated juvenile offender, nor did she commit murder, for purposes of the specific misdemeanor adjudication she seeks to expunge from Mesa County Case No. 16JD5012. But S.M.H. ignores the fact that her multiple criminal adjudications were resolved by a global disposition. For four reasons, we reject S.M.H.’s isolated approach to expunge only certain records but not others that are part of a global disposition. ¶ 21 First, S.M.H. was given the benefit of the bargain with the global disposition, meaning that she cannot separate her various cases because she assumed the risk that the proceedings for all the cases would be considered together in the future. 
10 ¶ 22 Second, the district court revoked probation in Mesa County Case No. 16JD5012 — the case in which she seeks to expunge her misdemeanor — and the court imposed new sentences as part of the global disposition. ¶ 23 Third, S.M.H. does not explain how, when there is a global disposition, a court can expunge only parts of a juvenile adjudication when the non-expunged portions of the global disposition remain public or accessible. ¶ 24 Finally, section 19-1-306(8) refers to a court’s lack of authority to expunge “the record of a person”; it does not delineate that a court may parse out particular adjudications for expungement, even if the person was adjudicated as one of the types of offenders listed in subsection (8) in a different case number that was resolved in a global disposition. (Emphasis added.) ¶ 25 So based on the plain language of section 19-1-306(8), a court “shall not” expunge the record of S.M.H. because she has been adjudicated as an aggravated juvenile offender, as a violent juvenile offender, and of homicide. Under the canons of statutory construction, appellate courts generally interpret the word “shall” as being mandatory rather than discretionary. See People in 
11 Interest of C.N., 2018 COA 165, ¶ 35. Specifically, S.M.H.’s second degree murder offense — other than obviously justifying her adjudication of homicide, see § 18-3-103(3)(a) — supports her adjudication as (1) an aggravated juvenile offender because it is a delinquent act that constitutes a class 2 felony, see §§ 19-2.5-
1125(4)(a)(I), 18-3-103(3)(a); and (2) a violent juvenile offender because it constitutes a crime of violence under section 18-1.3-
406(2)(a)(I)-(II), see § 19-2.5-1125(3). ¶ 26 While neither party nor the district court addressed our reasoning, S.M.H.’s juvenile adjudications are supported in the record (or we take judicial notice of them), and we are not bound by the district court’s interpretation of a statute. Therefore, although on different grounds, we affirm the district court’s denial of S.M.H.’s motion to expunge.
4 See Dyer, ¶ 39. 4 The district court’s denial of S.M.H.’s motion to expunge on the grounds that she is still in the custody of DOC and therefore may not petition the court for expungement until “thirty-six months after the date of the petitioner’s unconditional release from the juvenile sentence,” § 19-1-306(6)(e), C.R.S. 2023, is not incorrect. But that same provision says that a juvenile may not petition the court if they are “otherwise ineligible for expungement pursuant to subsection (8) of this section.” Id. Therefore, waiting thirty-six months following S.M.H.’s release from DOC does not change the categorial denial of a future expungement request. 
12 IV. Conclusion ¶ 27 We affirm the order. JUDGE GRAHAM and JUDGE HAWTHORNE concur.